UNITED STATES, Appellee,

v.

John C. BARRETT, Specialist Four, U. S. Army, Appellant.

No. 29,937.

U. S. Court of Military Appeals.

July 11, 1975.

*Colonel Victor A. DeFiori, Captain John C. Carr,* and *Captain Robert D. Jones* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Ronald M. Holdaway, Captain Joel M. Martel,* and *Captain John F. Schmutz* were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

### PER CURIAM:

In addition to the uncontested evidence of record, an unopposed and unrebutted post-trial affidavit from appellant's mother indicates that the appellant elected to enter the Army in 1967 rather than serve a 4-year term in a Utah reformatory following his juvenile conviction for rape, breaking and entering, and assault.

As in *United States v. Catlow,* 23 U.S.C.M.A. 142, 145, 48 C.M.R. 758, 761 (1974), appellant did not of his own volition seek out a recruiting officer to enlist. Rather, an Army recruiter contacted appellant while he was confined and advised him "to enlist in the Army or be removed from the detention center and sent to the reform school at Ogden, Utah." For the reasons enunciated in *Catlow,* appellant's enlistment was void at its inception.

Because an agent of the Government acted improperly in securing appellant's enlistment, fairness prevents the Government from now relying upon a constructive enlistment as a jurisdictional base. *United States v. Brown,* 23 U.S.C.M.A. 162, 165, 48 C.M.R. 778, 781 (1974). Additionally, the absence of evidence that the juvenile

75

charges against appellant were dismissed following his enlistment would preclude reliance upon a constructive enlistment. *United States v. Catlow, supra* at 146, 48 C.M.R. at 762.

 Government counsel maintain that a limited rehearing on the jurisdictional issue should be authorized. *United States v. Burke,* 48 C.M.R. 246 (ACMR 1974); *cf. United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). Unlike *Burke,* the void enlistment issue clearly was raised in the accused's sworn testimony at trial. Thus, the Government had an affirmative obligation to establish jurisdiction over the accused. *Runkle v. United States,* 122 U.S. 543, 556, 7 S.Ct. 1141, 30 L.Ed. 1167 (1887); *see United States v. Singleton,* 21 U.S.C. M.A. 432, 45 C.M.R. 206 (1972). Neither at trial nor during the course of this appeal has the Government met that burden. The absence of controverting evidence on the jurisdictional question obviates the need for a limited rehearing.

The decision of the United States Army Court of Military Review is reversed. The findings of guilty and sentence are set aside, and the charges are ordered dismissed.