**UNITED STATES**

v.

**Airman Basic Kenneth R. HOWARD, Jr., FR 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 3320th Retraining Squadron Lowry Technical Training Center (ATC).**

**ACM S24250.**

U. S. Air Force Court of Military Review.

23 Oct. 1975.

Appearances: Appellate counsel for the Accused: Colonel Jerry E. Conner, Major Byron D. Baur and Captain Martin F. McAlwee, USAFR. Appellate counsel for the United States: Colonel C. F. Bennett and Captain Frederick P. Waite.

DECISION

EARLY, Judge:

Contrary to his pleas, the accused was convicted by special court-martial, military

judge alone, of four specifications of failure to go and one specification of absence without leave, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The approved sentence extends to a bad conduct discharge and confinement at hard labor for one month.

Appellate defense counsel assign two errors. Because of our disposition of the first, the second assignment is rendered moot. Appellate defense counsel assert:

THE COURT–MARTIAL LACKED JURISDICTION OVER THE ACCUSED SINCE THE ACCUSED'S ENLISTMENT WAS EFFECTED WHEN HE WAS 16 YEARS OLD AS A RESULT OF RECRUITER MISCONDUCT.

At trial, the defense moved to dismiss all charges and specifications for lack of jurisdiction. In support of this motion, the accused testified that he was born on 13 October 1956 and was 16 years of age when he enlisted in the United States Air Force on 27 January 1973. At that time, according to the accused, he informed the recruiting sergeant of his true age and lack of parental consent, but was advised that he could enlist "now" by "changing" his age. Thereafter, the recruiter entered the birthdate "October 13, 1954" in the accused's "personnel records."

The Government offered no evidence in rebuttal to the accused's testimony but argued instead that the accused's performance of duty and acceptance of pay and military benefits, coupled with his parents' failure to attempt to secure his release from active duty, effected a constructive enlistment. The military judge agreed with the Government's position and denied the motion to dismiss.

As a general rule, an individual under the age of 17 is statutorily incompetent to acquire military status.[1] However, the Government may show a constructive enlistment where such minor continues to serve after passing the minimum statutory age. *United States v. Brown*, 23 U.S.C.M.A. 162, 48 C.M.R. 778 (1974). But, where the evidence shows that the recruiter has knowingly or negligently enlisted, or aided in enlisting, an individual under 17 years of age, the Government cannot thereafter assert constructive enlistment as the basis for establishing its jurisdiction over that individual. *United States v. Brown*, supra; cf, *United States v. Russo*, 23 U.S.C.M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975).

Here, the accused's testimony indicated that his enlistment was effected by a recruiter who not only was aware of his correct age but also entered a false birthdate in the accused's enlistment records.[2] Therefore, since the issue of the accused's void enlistment was raised at trial, the Government had an affirmative obligation to submit controverting evidence on the question of jurisdiction.[3] *United States v. Russo*, supra; *United States v. Barrett*, 23 U.S.C.M.A. 474, 50 C.M.R. 493, 1 M.J. 74 (1975). Failure to overcome this assertion deprives the Government of jurisdiction to try the accused.

For the reasons stated, the findings of guilty and the sentence are set aside and the charges are ordered dismissed. *United States v. Brown*, supra.

LeTARTE, Chief Judge, and ORSER, Judge, concur.

---

1. 10 U.S.C. § 505(a) (1970) provides in pertinent part:

   "The Secretary concerned may accept original enlistments in the Regular . . . Air Force . . . of qualified, effective, and able-bodied persons who are not less than seventeen years of age in the case of male persons . . . . However, no male person under eighteen years of age . . . may be originally enlisted without the written consent of his parent or guardian, if he has a parent or guardian entitled to his custody and control."

2. The situation at bar is even more flagrant than that in *United States v. Brown*, supra, where the recruiter simply acted improperly in failing to witness the signature of the accused's parents, which the accused had forged out of the recruiter's presence, and where the accused presented an incorrect birth certificate secured from a bribed state official.

3. The Government's failure to do this may have been occasioned by lack of such evidence. During oral argument before this Court, appellate Government counsel conceded both the accused's minority and the recruiter's misconduct at the time of the enlistment.