UNITED STATES

v.

Hayward T. BAREFIELD, Jr., 434 86 4837, Private (E–1), U. S. Marine Corps.

NCM 76 0435.

U. S. Navy Court of Military Review.

Sentence Adjudged 31 Oct. 1975.

Decided 21 June 1976.

LT Lawrence S. Smith, JAGC, USNR, Appellate Defense Counsel. LT Steven D.

Moore, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and MURRAY and GLASGOW, JJ.

MURRAY, Judge:

Tried to a general court-martial by judge alone, the appellant was convicted, contrary to his pleas, of aggravated assault and was acquitted, in accordance with his pleas, of fraudulent enlistment, in violation respectively, of Articles 128 and 83, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 883. The adjudged sentence to a dishonorable discharge, confinement at hard labor for 15 months, and forfeiture of all pay and allowances was approved by the convening authority without modification or suspension.

The appellant assigns two errors for our consideration.

I.

THE MILITARY JUDGE ERRONEOUSLY DENIED APPELLANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION.

A. IN RULING ON THE MOTION, THE MILITARY JUDGE APPLIED THE WRONG STANDARD AS TO THE GOVERNMENT'S BURDEN OF PROOF.

B. IN VIEW OF HIS FINDING OF NOT GUILTY AS TO THE ADDITIONAL CHARGE OF FRAUDULENT ENLISTMENT, THE MILITARY JUDGE'S RULING ON THE MOTION WAS INCONSISTENT AND CANNOT STAND.

II.

THE STAFF JUDGE ADVOCATE'S REVIEW IS PREJUDICIALLY MISLEADING, INCOMPLETE AND INADEQUATE.

We need not detain ourselves with the issues raised under assignment of error II in light of our disposition of the case under assignment I. Prior to trial, the appellant made a motion to dismiss for lack of jurisdiction. Basically, the appellant contended that the recruiter Master Sergeant L., had instructed the appellant to conceal informa-

tion which, if revealed, would have prohibited his enlistment and thus, his enlistment would have been void. *United States v. Russo*, 23 U.S.C.M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975). The recruiter denied appellant's allegations. After hearing all of the evidence presented on the motion, the trial judge denied the motion and in doing so, stated:

> I have examined all of the evidence offered by both counsel and the citations. I find that the government has carried its burden of the preponderance of the evidence which is the standard I have to apply on the issue, so I deny the motion of the defense. [R. 64].

 In my opinion, the trial judge erred as to the burden necessary in such cases. I find the standard to be one related to a constitutional right of an accused to have his case heard in a forum of competent jurisdiction or not at all. Since this is a constitutional right, I consider the standard to be that delineated in my opinion in *United States v. Nichols,* No. 75 2021 (N.C. M.R. 20 January 1976). In *Nichols* it was noted that the government's burden of proof as to jurisdictional issues is a strict one, and I advised:

> Since this case reduces itself to which of the oath takers is to be believed, it is incumbent upon us to carefully weigh the standard of conviction of our certitude as to whose sworn statement is to be accepted. That standard imposes on us the mandate that unless we are convinced beyond a reasonable doubt that the appellant falsely testified on the issue, we must find in favor of appellant. We do not have to entertain any reasonable or other doubt as to Chief C.'s assertions, however, for the test is concentrated on the assertions of appellant, and I *emphasize* that unless we are convinced beyond a reasonable doubt that appellant's testimony is contrived in its self-serving aspects, we must find for him in this conflicting circumstance.

 Since I conclude that the trial judge applied the wrong standard as to the quantum of proof necessary to find jurisdiction in this case, I examine as a case of first impression the question in its relationship to the specific facts set forth in the record. In doing so, I am not required to reconcile what is a patent inconsistency between the trial judge's ruling on jurisdiction and his finding of not guilty in the case of the fraudulent enlistment charge, which finding was predicated on the same factual evidence produced on the motion for dismissal based upon a lack of jurisdiction. While I could not conclude, as the trial judge did, that the appellant's enlistment was accomplished as a result of his own deception as to his criminal record and other disqualifying background and yet find him not guilty of fraudulent enlistment, I need not address this aspect in detail. This is because I do not share the conviction that the government has met its burden to establish that the appellant actually procured his enlistment by deceiving the recruiter and I am not convinced beyond a reasonable doubt that the appellant falsely testified on the issue. This is not to say that Master Sergeant L. may not be a truth teller, but certitude in this instance does not have to run to Master Sergeant L.'s veracity. Rather it must be concentrated, as I said in *Nichols, supra,* on the assertions of the appellant. The evidence of record fails to convince beyond a reasonable doubt that the appellant has fabricated his testimony notwithstanding its self-serving posture.

I find a failure of jurisdiction in this instance, and the conviction cannot stand. Accordingly, the findings and sentence are set aside, and the Charge is dismissed.

CEDARBURG, Chief Judge (concurring in the result):

I concur in the result reached by Judge Murray but for a different reason. Contrary to his conclusion, I consider that the military judge, in denying appellant's motion to dismiss for lack of personal jurisdiction, applied the correct standard as to the government's burden of proof.

Appellant challenged the jurisdiction of the court-martial over his person. The government and the appellant presented ev-

idence which is not in dispute as to the fact that there was a fraudulent enlistment of appellant. Disputed, however, by diametrically opposite testimony of the appellant and the recruiting gunnery sergeant, is whether there was complicity in the unauthorized recruitment by an agent of the government, the recruiter. The disposition of the motion thus hinged on a resolution by the military judge of the disputed testimony of appellant and the recruiter on the question of whether the recruiter engaged in prohibited activities in recruiting appellant.

In the principal opinion, Judge Murray, citing his prior opinion in *United States v. Nichols,* No. 75 2021 (N.C.M.R. 20 January 1975), a case in which Judge Glasgow wrote a separate concurring opinion and in which I concurred only in the result, opined that the military judge applied an improper standard in resolving the factual issue. The military judge in ruling on the motion stated, "I find that the government has carried its burden of the preponderance of the evidence which is the standard I have to apply on the issue. . . ." (R. 64). Judge Murray would elevate the standard used by the military judge to proof beyond a reasonable doubt. My reading of Paragraph 57*b*, Manual for Courts-Martial 1969 (Revised edition) convinces me that such is not required and that the military judge applied the correct standard. "A question is interlocutory unless the ruling on it would finally decide the case on its merits." Id. The example in the Manual is instructive in the case at bar. There it was said, "For example, if during a trial for desertion the accused makes a motion to dismiss for lack of jurisdiction and presents evidence . . . his status as a military person reaches the ultimate question of guilt or innocence . . . .. If, on the other hand, the accused was charged with larceny and presented the same evidence as to his military status, the evidence would bear only upon his amenability to trial and the issue would be disposed of solely as an *interlocutory* question." Id. Such describes the situation with which we are here faced. Paragraph 57*g* (1), MCM 1969 (Rev.) provides that the motion ruling, after inquiry into the pertinent facts on an interlocutory question, is ". . . determined by a preponderance of the evidence." Since amenability to trial in the instant case presented an interlocutory question, the standard used by the military judge was correct.

Despite my belief that the military judge used the correct standard in ruling on the motion, I conclude that his ruling on the motion to dismiss is patently and irreconcilably incompatible with his finding of not guilty to the charge of a fraudulent enlistment. The case on the merits of the fraudulent enlistment charge included by stipulation the testimony previously given on the motion to dismiss, documents originally marked as appellate exhibits during the motion inquiry and remarked as prosecution exhibits and an additional stipulation of fact that appellant had received pay and allowances from the United States Marine Corps. Even allowing for the different standards of proof applicable to the interlocutory motion as distinguished from the case on the merits, it is inescapable that the evidence establishes a fraudulent enlistment. Appellant, both on the motion and on the merits, admitted his enlistment was effected fraudulently. His motion for dismissal for lack of personal jurisdiction, which was denied, was predicated solely on recruiter participation in the fraud which would have rendered his enlistment void. *United States v. Russo,* 23 U.S.C.M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975).

To find personal jurisdiction, collusion by the recruiter in the admitted fraudulent enlistment was necessarily excluded by the military judge. On the merits, however, a conclusion by the military judge that the recruiter participated in the fraudulent enlistment furnished the only basis for a finding of not guilty where the fraudulent enlistment was likewise conceded. A finding of not guilty as to the fraudulent enlistment charge is inconsistent with the military judge's ruling denying appellant's motion to dismiss for lack of personal jurisdiction. Under these circumstances, I concur

with Judge Murray's conclusion that there was a failure of jurisdiction, requiring the setting aside of the findings and sentence and dismissal of the Charge.

GLASGOW, Judge (concurring in the result):

For the reasons set forth by Chief Judge Cedarburg, I concur in the result.