## UNITED STATES

v.

**Walter W. BEELER, 573 04 6471, Seaman (E-3), U. S. Navy.**

### NCM 76 1595.

U. S. Navy Court of Military Review.

Sentence Adjudged 24 March 1976.

Decided 23 Sept. 1976.

LT H. Glenn Scammel, JAGC, USNR, Appellate Defense Counsel.

LT H. S. Pointer, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and MURRAY and GLASGOW, JJ.

GLASGOW, Judge:

The appellant stands convicted, contrary to his plea, of attempted sale and transfer of 0.1 grams of Tetrahydrocannabinol (THC) in violation of Article 80, UCMJ, 10 U.S.C. § 880. (Specifications 1 and 2 of Charge II). The sentence to a bad conduct discharge, confinement at hard labor for three months, forfeiture of $100.00 pay per month for three months and reduction to pay grade E-1 has been approved on review below.

The appellant assigns the following as errors:

  I.  THE FINDINGS OF GUILT ARE NOT SUPPORTED BY EVIDENCE SUFFICIENT TO CONSTITUTE PROOF BEYOND REASONABLE DOUBT.

  II.  THE FINDINGS OF GUILT AS ANNOUNCED BY THE MILITARY JUDGE WERE PATENTLY

IRRECONCILABLE AND CONTRADICTORY.

### I

■ Petty Officer B testified that he purchased a small packet, Prosecution Exhibit 1, from the appellant, which was transferred to him by the appellant on 14 January 1976. B said that he and the appellant considered the small packet to contain THC. (It actually contained 0.1 grams of Phencyclidine (PCP), (Prosecution Exhibit 4)). He states that he was acting as an informant for the Naval Investigative Service (NIS) but had never been in direct contact with NIS. He said that his dealings were through the ship's investigator, Boatswain's Mate First Class P., to whom he delivered this packet shortly after its purchase. The appellant now contends that since B was not making a "controlled buy" for NIS and was not directly authorized to make the purchase in question, B was an accomplice of the appellant and the conviction based on B's testimony cannot stand, citing Paragraph 153a, MCM, 1969 (Rev.).

We find B's unrebutted testimony not to be self-contradictory, uncertain or improbable. Furthermore B's testimony is corroborated, in part, by the testimony of other witnesses. We find appellant's guilt has been proven beyond a reasonable doubt. There appears no merit in the first assignment.

### II

■ The error cited in the second assignment was recognized by the staff judge advocate and corrective action was taken by the supervisory authority.

After the sale of the 0.1 grams of PCP, of which the appellant now stands convicted, his quarters were searched and an additional 20.4 grams of PCP was found. In Specification 3 of Charge I the appellant was charged with possession of 20.5 grams of PCP and the military judge found the appellant guilty of that offense in addition to the two which have been approved. The staff judge advocate noted that Specification 1 of Charge I inferred that the appel-

lant knew the substance to be PCP and Specifications 1 and 2 of Charge II alleged that the appellant believed the substance to be THC. He also noted that there was evidence to prove that the appellant believed the substance to be THC but no evidence to prove that he knew it to be PCP. On advice from his staff judge advocate the supervisory authority approved the findings of guilty only of Charge II and Specifications 1 and 2 thereunder, which findings are supported by the evidence. He dismissed the findings of guilty to Charge I and Specification 3 thereunder, which findings are not supported by the evidence. We find the action taken by the supervisory authority to be legal and in accord with his authority under Article 65(b), UCMJ. The inconsistent findings made by the trial judge have been eliminated by the action of the supervisory authority.

In his brief the appellant cites *United States v. Barefield*, 1 M.J. 962 (N.C.M.R. 1976). *Barefield* was decided on the question of jurisdiction although "inconsistency between the trial judge's ruling on jurisdiction and his finding of not guilty in the case of the fraudulent enlistment charge" was referred to by Judge Murray in his separate opinion. *Barefield* does not appear to be helpful on the issue in the case *sub judice*. We find no merit in the appellant's second assignment.

Accordingly, the findings of guilty and sentence as approved on review below are affirmed.

CEDARBURG, Chief Judge (concurring):

I concur with Judge Glasgow in his conclusion that the action of the supervisory authority has eliminated findings of the military judge which clearly are not supported by the evidence. There is evidence beyond a reasonable doubt that the appellant transferred and sold a quantity of Phencyclidine (PCP), believing it to be Tetrahydrocannabinol (THC).

The action of the supervisory authority disapproved as inconsistent the finding of the military judge that appellant possessed

a quantity of Phencyclidine knowingly. The Phencyclidine which he sold believing to be Tetrahydrocannabinol was derived from that quantity. The findings of the military judge which were approved were supported by the evidence; the findings disapproved were not. The convening authority's resolution of the inconsistency required no "second guessing" of the military judge's fact finding. It required only a review of the evidence and approval of those findings which were correct in law and fact and which he in his discretion determined should be approved. Article 64, UCMJ.

MURRAY, Judge (dissenting):

The findings of the military judge, sitting alone as a special court-martial, that the appellant knowingly possessed a proscribed drug, Phencyclidine (PCP) in violation of Article 92, UCMJ, and then attempted to violate a lawful regulation by wrongfully selling and transferring *that same drug* while believing it to be the controlled substance, Tetrahydrocannabinol (THC) in violation of Article 80, UCMJ, are patently inconsistent and irreconcilably incompatible. The error in my opinion is not cured by the supervisory authority's action in dismissing the Charge alleging the wrongful possession of the Phencyclidine (PCP) and approving only the Charge alleging a wrongful attempt to transfer and sell that same drug which appellant *knew to be* (PCP) while *supposedly believing* that it was (THC).

The supervisory authority does not conduct a trial *de nova* on the record, but rather his conviction beyond a reasonable doubt must be addressed to the same findings of fact as the trier of the facts. When the findings are patently inconsistent, the supervisory authority is not empowered to "second-guess" the fact finder (as in this instance) and choose which part of the inconsistency he is convinced of and then disregard the contradictory part as a convenient vehicle for "reconciling the irreconcilable." As this Court alluded in *United States v. Barefield*, 1 M.J. 962 (N.C.M.R.

1976) (decided ultimately on jurisdictional grounds), patently and irreconcilably incompatible findings require remedy by the reviewing authorities.

In the instant case the appropriate remedy would be to order a rehearing on the only remaining Charge consisting of two specifications laid under Article 80, Uniform Code of Military Justice since all of the other specifications were either dismissed with prejudice or otherwise resulted in an acquittal. I consider it clearly erroneous to approve the supervisory authority's action in this case.