UNITED STATES

v.

**Jeffrey Allen LOOP, 167 46 9731, Fireman Apprentice (E–2), U. S. Navy.**

**NCM 77 0802.**

U. S. Navy Court of Military Review.

Sentence Adjudged 5 Aug. 1976.

Decided 29 Sept. 1977.

LT Vance J. Bettis, JAGC, USNR, Appellate Defense Counsel.

LT Michael C. Farrow, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and ROOT and GREGORY, JJ.

CEDARBURG, Chief Judge:

Appellant assigns a single error that the court-martial in this case lacked personal jurisdiction over him. We agree, set aside the findings and sentence, and dismiss the charges.

At trial appellant moved to dismiss for want of personal jurisdiction, but his motion was denied.

Appellant was enlisted in the United States Navy in August of 1974. He had previously served approximately three months in the United States Marine Corps, having been discharged in November 1973 for medical reasons. The type of coded discharge he received required a waiver from the Commander, Navy Recruiting Command, before he could be enlisted in the U.S. Navy. A waiver was not obtained.

Appellant testified in support of his motion that he told his recruiter of his discharge from the Marine Corps for failure to meet physical standards because of a foot disorder. He testified that his Navy recruiter told him to tear up his discharge papers and falsely fill in a number of blanks in his enlistment papers, indicating that he had never served previously in the armed forces.

In rebuttal to appellant's categorical assertion of recruiter misconduct which, if believed, would amount to a violation of Article 84, 10 U.S.C. § 884, UCMJ, and result in a void enlistment as contrary to public policy, *United States v. Russo*, 23 U.S.C.M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975), a stipulation of testimony from the recruiter in question was introduced.

The offenses here were bottomed on unauthorized absence. Consequently, the Government was required to establish beyond a reasonable doubt that appellant's enlistment was not procured with the active assistance of recruiter misconduct which would violate Article 84, UCMJ. *United States v. Spicer*, 3 M.J. 689 (N.C.M.R.1977). We are not so convinced. Appellant's categorical and specific remembrances of the circumstances are contrasted with the meager, generalized recollection of the recruiter, who, while able to recall appellant, could not recall whether previous active service had been mentioned, inquired about, or checked in the enlistment processing. While the recruiter's testimony was not incredible, neither does it serve to convince beyond a reasonable doubt that he was unaware of the existence of a defect which he

knew required waiver action before a valid enlistment could be effected. The resulting enlistment here was void. *United States v. Russo, supra.*

This case illustrates a continuing problem in recruiter misconduct cases. We believe that the recruiter's lack of specific recall, as in this case some two years after the event, is not unusual and to be expected. A recruiter sees innumerable applicants for enlistment as a natural consequence of his job. To expect recall in detail of conversations which take place in routine situations does not comport with reason or experience. The measure of proof of a negative fact which can be mustered and the expenditure of effort in money and manpower to controvert an allegation of recruiter misconduct places a particularly onerous burden on the Government once an issue has been raised by a bald but detailed assertion of an accused seeking to avoid criminal penalties.

The evidence before us is insufficient to support an affirmative finding that the recruiter in question was guilty of misconduct amounting to a fraudulent enlistment. We merely find that the Government has not sustained its burden to establish personal jurisdiction by proving beyond a reasonable doubt that recruiter misconduct of the requisite degree *did not* occur. In *United States v. Brown*, 23 U.S.C.M.A. 162, 48 C.M.R. 778 (1974), *United States v. Barrett*, 23 U.S.C.M.A. 474, 50 C.M.R. 493, 1 M.J. 74 (1975) and *Russo*, there were undisturbed affirmative findings that misconduct of the requisite degree had been committed by Government agents in securing those enlistments. A factual predicate was thus established for the determination, generated by considerations of public policy, that fairness prevented the Government from relying upon a constructive enlistment as a jurisdictional base. Where the totality of the evidence, as in this case, does not affirmatively establish recruiter misconduct but merely leaves open the reasonable possibility that it may have occurred, the Government may still introduce evidence which may be sufficient to establish a legitimate constructive enlistment and thereby satisfy the necessary prerequisite to effect a voluntary change in status.

Appellant testified that he sought a discharge after his foot began to bother him aboard ship. He sought medical treatment from the ship's medical corpsman who told him to soak his foot and carry on his duties. Appellant testified that, thereafter, his Marine discharge certificate, DD 214, which was admitted into evidence, was shown to his Commanding Officer aboard ship. This attempt at obtaining a discharge occurred three or four months after his enlistment and coincided with his absence problems. A testimonial stipulation by the Commanding Officer recalled that during a counseling session, appellant had indicated to him that he had told his recruiter that he had prior service and had been discharged from the Marine Corps. The Government made no effort at trial to establish a constructive enlistment; instead, reliance was placed upon establishing a valid enlistment from the beginning.

The evidence does not establish either a valid initial enlistment or a legitimate constructive enlistment. Consequently, the Government has not sustained its burden to establish personal jurisdiction over appellant.

The findings and sentence are set aside. The charges are dismissed.

Judge ROOT and Judge GREGORY concur.