**UNITED STATES, Appellee,**

v.

**Private (E–1) Andrew JESSIE, SSN 423–64–8477, United States Army, Appellant.**

**CM 436607.**

U. S. Army Court of Military Review.

22 March 1978.

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain Carlos A. Vallecillo, JAGC, and Captain William J. Carter, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Laurence M. Huffman, JAGC, and Captain Landon P. Snell, III, JAGC, were on the pleadings for appellee.

Before JONES, Senior Judge, and MITCHELL and DeFORD, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

At the trial below, the appellant raised the issue of lack of jurisdiction of the court-martial over his person as a result of the misconduct of a recruiter in advising him (appellant) to conceal his prior federal convictions upon enlistment.[1] The issue was fully litigated in an Article 39(a) session

---

1. Recruiter misconduct precludes the Government from asserting jurisdiction through a constructive enlistment. *United States v. Barrett,* 1 M.J. 74 (C.M.A.1975).

and resolved against appellant.[2] He now brings this appeal pursuant to Article 66, Uniform Code of Military Justice, again alleging the court-martial lacked jurisdiction over him.

There is no question but that once a jurisdictional issue is raised, "the Government ha[s] an affirmative obligation to establish jurisdiction over the accused. *Runkle v. United States*, 122 U.S. 543, 556, [7 S.Ct. 1141, 30 L.Ed.2d 1167] (1887)." *United States v. Barrett*, 1 M.J. 74, 75 (C.M.A. 1977).[3] In the instant case the Government proceeded to meet that obligation. We must determine if it succeeded. Additionally, and intertwined with the jurisdictional issue, are the questions of what standard is to be used in deciding the issue, and who makes the decision in the trial forum.

The appellant asserts that the standard to be applied in resolving a jurisdictional question which involves a factual dispute is proof beyond a reasonable doubt. Presumably that standard would be applicable in the trial court, before the convening authority in his initial review and action, and before this Court on review under Article 66, UCMJ.[4] We agree that the same standard should be applied in each of the three successive instances where the jurisdictional issue is considered, but we do not agree that the standard is always one of reasonable doubt. In fact, that standard will be applicable only in certain limited situations.

The question of jurisdiction usually arises, as it did in this case, by a motion to dismiss. It is normally decided as an interlocutory matter by the military judge.[5] *See* Article 51(b), UCMJ; paragraphs 57*b* and 68*b*, Manual for Courts-Martial, United States, 1969 (Revised edition). If a disputed factual question is involved, the dispute is decided by a preponderance of the evidence. Paragraph 57*g*(1), MCM, 1969 (Rev.).

There are two exceptions to this general rule that factual disputes in interlocutory questions are decided by the military judge applying a standard of preponderance of the evidence.[6] One exception is statutory and the other is judicially made. The former concerns mental responsibility[7] and the latter concerns jurisdiction. It is with this jurisdiction exception that we are concerned here.

In the case of *United States v. Ornelas*, 2 U.S.C.M.A. 96, 6 C.M.R. 96 (1952), the Court of Military Appeals held that as to purely military offenses, disputed factual issues as to the accused's status as a soldier subject to the jurisdiction of a court-martial must be decided by the court members as part of their determination of guilt or innocence. The reasoning behind the exception is that as only a member of the armed forces may commit a peculiarly military offense, the factual issue of the individual's status is a part of the question of guilt or innocence and has to be decided by the factfinder(s).

2. Appellant was subsequently convicted upon a plea of guilty of burglary and larceny in violation of Articles 129 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 929 and 921. The sentence as adjudged and approved was dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for 4½ years, and reduction to Private E–1.

3. The Government also must include in the specification charging the offense a statement sufficient to demonstrate the jurisdictional basis for trial by courts-martial. *United States v. Alef*, 3 M.J. 414 (C.M.A.1977).

4. The appellant asks only that this Court apply a reasonable doubt standard. He does not specifically assert that the convening authority and the military judge applied the wrong standard.

5. An interlocutory question is defined as a question on other than findings, sentence, and administrative matters. It may be a question of fact or a question of law but it does not go to the ultimate issue of guilt or innocence; it does not finally decide the case on the merits. Paragraph 57*b*, Manual for Courts-Martial, United States, 1969, (Revised edition).

6. The question of voluntariness in the admissibility of a confession is a hybrid which, at least for the purpose of this discussion, is not considered an exception. *See* paragraph 140a (1), MCM, 1969 (Rev.).

7. A factual issue of mental responsibility must be submitted to the triers of fact for decision. Article 51(b), UCMJ.

*United States v. Mitchell,* 2 M.J. 1020 (A.C. M.R.1976) (concurring opinion).[8] In this judicially carved exception, as in the exception regarding mental responsibility, the standard used to resolve the disputed factual issue is proof beyond a reasonable doubt.

The United States Court of Military Appeals has continued to limit *Ornelas* to jurisdiction cases involving purely military offenses.[9] *See United States v. Scheunemann,* 14 U.S.C.M.A. 479, 34 C.M.R. 259 (1964); *United States v. Johnson,* 6 U.S.C. M.A. 320, 20 C.M.R. 36 (1955); *United States v. McNeill,* 2 U.S.C.M.A. 383, 9 C.M.R. 13 (1953). Where the offense is nonmilitary in nature (e. g., larceny), the disputed factual issue on the question of jurisdiction over the person is resolved by the military judge as an interlocutory matter. *United States v. Rubenstein,* 7 U.S.C. M.A. 523, 22 C.M.R. 313, 324 (1957).[10]

█ The appellant contends that the Court of Military Appeals by its language in *United States v. Alef,* 3 M.J. 414 (C.M.A. 1977), and this Court in its language in *United States v. Jackson,* No. 434531 (A.C. M.R. 27 July 1976), have prescribed a rea-sonable doubt standard for all disputed factual issues involving the question of jurisdiction. We do not believe the *Ornelas* rule has been so extended. The Court of Military Appeals in *Alef* was not concerned with the standard of proof or the manner in which the decision was made, but rather was concerned with insuring that the jurisdictional issue was properly litigated in the trial forum, that appropriate findings were made, and that the issue was considered upon appeal by the appropriate Court of Military Review. The Court of Military Appeal's procedure of directing limited rehearings on the issue of jurisdiction in off-post drug cases recognizes that the issue is usually an interlocutory one to be decided by the trial judge initially, and then by this Court, without submission to the factfinder(s) for determination upon a reasonable doubt standard.[11] That procedure, inferentially at least, affirms the distinction made in *Ornelas* between peculiarly military offenses such as AWOL and desertion and other offenses such as off-post drug sales. The latter normally involve no disputed issue as to accused's status as a member of the military.

8. The rule announced in *United States v. Ornelas,* 2 U.S.C.M.A. 96, 6 C.M.R. 96 (1952), has been included in the *Manual* as an exception to the general proposition that the military judge rules on all interlocutory questions. *See* paragraph 57*b*, MCM, 1969 (Rev.).

9. The Court of Military Appeals has cited the *Ornelas* rule in other cases, but those decisions did not involve disputed jurisdictional issues. Rather, they involved disputed factual issues as to (a) the voluntariness of a confession (*United States v. Gorko,* 12 U.S.C.M.A. 624, 31 C.M.R. 210 (1962), was accused a suspect requiring an Article 31 warning); (b) the purpose of an order (*United States v. Phillips,* 18 U.S.C.M.A. 230, 39 C.M.R. 230 (1969), whether a work detail was routine or an emergency situation); and (c) the legality of imposition of correctional custody (United States v. Carson, 15 U.S.C. M.A. 407, 35 C.M.R. 379 (1965), legality of nonjudicial punishment was interlocutory question for military judge, but if dispute concerned whether officer imposing punishment occupied the position of commander authorized to impose punishment, then a question for the jury).

10. Recent cases by the Navy Court of Military Review have similarly concluded that except in prosecutions for purely military offenses, the standard to be employed in disputed jurisdic-tional issues is a preponderance of the evidence. *See United States v. Harrison,* 3 M.J. 1020, n.3 (N.C.M.R.1977); *United States v. Bobkoskie,* 1 M.J. 1083 (N.C.M.R.1977); *United States v. Barefield,* 1 M.J. 962 (N.C.M.R.1976).

11. A special problem arises with jurisdictional issues involving nonmilitary offenses where there is a dispute as to the place or date of the offense. The date and place of an offense are elements that should be alleged and proven, and failure to do so is error, but often such error is not prejudicial as the date and place are of no consequence. *United States v. Gehring,* 6 U.S.C.M.A. 657, 20 C.M.R. 373 (1956); *United States v. Bird,* 40 C.M.R. 376 (A.B.R. 1968); *United States v. Gardner,* 4 C.M.R. 324 (A.B.R.1952). When date or place become crucial, however, as in a question of jurisdiction (e. g., did the offense occur off post; did the offense occur in a prior enlistment; *see United States v. Steidley,* 14 U.S.C.M.A. 108, 33 C.M.R. 320 (1963)), proper allegation and proof of those elements are essential. In that event, the disputed factual issue is submitted to the factfinder(s) but not as a question of jurisdiction. It is submitted, just as it should be in every case, as an element of the offense. The standard is proof beyond a reasonable doubt.

As to this Court's comment in *Jackson* that we were not "satisfied beyond a reasonable doubt that the Government established that the court-martial had jurisdiction over the appellant", we were not therein dealing with a question of the standard to be applied in resolving a disputed issue of jurisdiction. Insofar as our language would indicate that proof beyond a reasonable doubt was the standard to be applied to all jurisdictional issues involving disputed facts, that decision is incorrect.

■ We conclude that this Court in this case should apply the standard of a preponderance of the evidence in resolving the factual dispute as to recruiter misconduct in the appellant's enlistment; that the convening authority should and did apply the same standard; and that the trial judge should and did apply this standard also.

■ Turning to the factual dispute and applying the standard of preponderance of the evidence, we find there was no recruiter misconduct and the court-martial had jurisdiction over the appellant through a constructive enlistment.

The findings of guilty and the sentence are affirmed.

Judge MITCHELL and Judge DeFORD concur.