UNITED STATES

v.

**Timothy O'Kane MARTIN, 230 84 5747, Quartermaster Seaman Recruit (E-1), U. S. Navy.**

**NCM 78 0781.**

U.S. Navy Court of Military Review.

Sentence Adjudged 15 Feb. 1978.

Decided 6 Sept. 1978.

CDR S. Gaeta, Jr., JAGC, USN, Appellate Defense Counsel.

LCDR Paul B. Thompson, JAGC, USN, Appellate Government Counsel.

Before BAUM, GREGORY and GRANGER, JJ.

BAUM, Senior Judge:

. Appellant asserts that two prosecution exhibits were improperly admitted in evidence over defense objection during the presentencing stage of the proceedings. The exhibits, page 13's from appellant's service record, reflect preservice use of drugs, a categorical rejection by appellant of their future abuse, and a recruiting waiver of their prior use enabling appellant to enlist. Trial counsel referred to these exhibits in

his argument on sentence as indicating that appellant could not be trusted since he broke his promise "of never using drugs again" by possessing hashish, for which he received nonjudicial punishment. The trial counsel strongly emphasized this point in his argument for a bad-conduct discharge, with telling effect on the sentence. Accordingly, if the exhibits were admitted in error, his argument would be correspondingly improper, and corrective action required.

 We find this case quite similar to *United States v. Galloway,* No. 76 1677 (NCMR 14 September 1976), where evidence of the accused's prior juvenile record and waiver for enlistment were admitted in evidence. Trial counsel in that case made a strong argument that the recruiting officer's misjudgment of the accused should be corrected by means of a punitive discharge. Both the argument and admission of the exhibits in that case were held to be error because the information covered was not a proper matter for consideration with respect to sentencing. Such matters did not reflect the past conduct and performance of the accused, as contemplated in paragraph 75*d*, *Manual for Courts-Martial, United States, 1969* (Revised edition), and Article 0117, Manual of the Judge Advocate General. Although not explicitly stated in these Manual provisions, the Court interpreted the provisions to imply that personnel records, to be admissible, must relate to past conduct and performance since entering military service. We reaffirm that interpretation, as well as the following language of Judge Gregory's majority opinion in *Galloway*:

> We also consider it appropriate that past derelictions, especially juvenile offenses, should not follow a member into military service. Once a member qualifies for entry, his past misdeeds should not be held against him and he should be able to start off with a clear slate. Unless there is reason to question the validity of an enlistment, *United States v. Russo,* 23 USCMA 511, 50 CMR 650 [1 M.J. 134] (1975); *United States v. Barrett,* 23 USCMA 474,

50 CMR 493 [1 M.J. 74] (1975), or the circumstances constitute a proper matter of rebuttal, the conditions of enlistment would not appear to be relevant in a court-martial proceeding.

 Accordingly, we find prejudicial error in the admission in evidence of Prosecution Exhibits 6 and 7 and in trial counsel's argument. Upon reassessment of the sentence in light of these errors, we deem the punitive discharge inappropriate for a 39-day unauthorized absence. The findings of guilty and so much of the sentence as provides for forfeiture of $265 a month for 3 months are affirmed.

Judge GREGORY and Judge GRANGER concur.