## UNITED STATES

v.

**Cecil C. BOWLES, 107 50 5646, Fire Control Technician Missile Seaman (E-3), U. S. Navy.**

**NCM 78 1043.**

U. S. Navy Court of Military Review.

9 April 1979.

CAPT Joseph F. Smith, USMCR, Appellate Defense Counsel.

CAPT Craig L. Kemmerer, USMCR, Appellate Government Counsel.

Before BAUM, MICHEL and GRANGER, JJ.

BAUM, Senior Judge:

Appellant pled guilty to all charges and specifications and was found guilty by the military judge. Thereafter, he was sentenced by a court composed of members. Before the court was assembled, appellant moved for suspension of Rule 3(b) of the Southwest Judicial Circuit's Supplemental Rules of Practice and Procedure. This rule required that *voir dire* examination of the court members be conducted by the military judge. The motion was denied and all *voir dire* examination was conducted by the judge, over objection by the defense counsel, who desired to personally propound his questions directly to the prospective court members. Trial defense counsel did submit certain written questions to the judge which were covered by him in a general way during the *voir dire* proceedings but were not asked as phrased by defense counsel. This procedure was also objected to by defense counsel at trial.

■ Before this Court, appellant, citing *United States v. Slubowski,* 5 M.J. 882 (N.C. M.R.1978), argues that the Judicial Circuit rule requiring the propounding of all *voir dire* questions by the judge is contrary to paragraph 62*b, Manual for Courts-Martial, United States, 1969* (Revised edition) and is, accordingly, invalid and erroneous. In response, the Government argues that, notwithstanding *Slubowski,* there was no error in this case because the military judge did precisely what he was authorized to do under *United States v. Parker,* 6 U.S.C.M.A. 274, 19 C.M.R. 400 (1955). We disagree. The Government asserts that the U. S. Court of Military Appeals in *Parker* adopted for military courts Rule 24(a), Federal Rules of Criminal Procedure, which allows a judge to conduct *voir dire* examination. Rather than adopting Rule 24(a), the court, through Judge Latimer's majority opinion, merely proposed that military courts follow the tack of that rule, a course Judge Brosman, in a separate opinion, chose not to follow. Neither Judge Latimer in *Parker* nor anyone else on the Court of Military Appeals in any subsequent opinion has said that Rule 24(a) is the rule that must be followed by military courts. Even if so construed, however, that rule does not permit the practice instituted by Rule 3(b) in the Navy-Marine Corps Trial Judiciary's Southwest Judicial Circuit. In that circuit, only the judge is allowed to examine prospective court-members, whereas Federal Rule 24(a) permits the accused or his attorney to conduct the examination at the judge's discretion. All discretion in this matter has been taken away from the judge by Rule 3(b). No conceivable interpretation of *United States v. Parker* or the Federal Rules authorizes such a restrictive practice. In fact, the following language from *Parker* indicates just the opposite, that military courts should follow a liberal rather than a narrow approach with respect to *voir dire* matters:

When a member is examined with a view to challenge, it is to be remembered that he may be asked any pertinent question tending to establish a disqualification for duty on the court. Statutory disqualifications, implied bias, actual bias, or other matters which have some substantial and direct bearing on an accused's right to an impartial court, are all proper subjects of inquiry. The accused should be allowed considerable latitude in examining members so as to be in a position intelligently and wisely to exercise a challenge for cause or a peremptory challenge.[1]

We find that the practice required by the Southwest Judicial Circuit's Rule 3(b) is contrary to paragraph 62(b), *Manual for Courts-Martial, United States, 1969* (Revised edition); Rule 24(a), Federal Rules of Criminal Procedure; *United States v. Parker, supra,* and *United States v. Slubowski, supra.* Its application in the instant case was error.

■ In *United States v. Slubowski, supra,* this Court found it error for the judge to deny defense counsel the right to directly examine prospective court members, but held that under the circumstances of that case there was no prejudice to the accused. My colleagues reach the same conclusion in this case, for which reason they choose to affirm the findings and sentence as approved below. I would set aside the sentence and order a rehearing thereon because I believe the accused was prejudiced by the judge's refusal to allow trial defense counsel's personal inquiry of prospective court members as requested. In my view, prejudice is apparent, just as it would be if the judge had refused counsel the right to cross-examine witnesses directly and had required, instead, submission of questions in writing to be asked by the judge. The prejudicial impact of such a procedure as it applies to *voir dire* examination has been highlighted in the following extract from appellant's brief:

The purpose of *voir dire* is to discover any bias, prejudice, or interest on the part of any member of the panel that would substantially impair the member's ability to act impartially on findings or

---

1. 6 U.S.C.M.A. at 279, 19 C.M.R. at 405.

sentence in the case. Even if defense counsel is unable to articulate the ground for challenge sufficiently to sustain that challenge for cause, he may still exercise one peremptory challenge which might be based upon nothing more than a visceral response to the demeanor of the member so challenged. Rule 3(b) [Southwest Judicial Circuit Rules of Court] impaired the ability of defense counsel to develop the basis for challenge, both peremptory and for cause. The tone, emphasis, and facial expression of a judge who asks a question prepared by defense counsel cannot be expected to be the same as defense counsel's were he to ask the same question himself. Although the words used be the same, the question as a whole is not. Moreover, the response given by a member to the military judge who enjoys the aura of his office, cannot be expected to be the same as the response given to defense counsel. Finally, the effectiveness of follow-up questions in response to answers given by the members is diminished if those questions are delayed by the transcription and recitation process required by Rule 3(b). All of these factors impair defense counsel's ability to develop the basis for a challenge for cause. Unavoidably, the distraction inherent in drafting follow-up questions prevents that careful observation of demeanor which is the basis for a peremptory challenge.

In light of the improper restriction imposed upon appellant's right to examine prospective court members and the resultant impairment of his ability to develop a basis for a challenge, I would order a rehearing on the sentence. However, since my brothers find no prejudice, the findings and sentence as approved below are affirmed.

MICHEL and GRANGER, JJ., concur.