## UNITED STATES

v.

**Robert Carlton SAXON, 551 06 0079, Mess Management Specialist Seaman Apprentice (E–2), U. S. Navy.**

**NCM 78 1076.**

U. S. Navy Court of Military Review.

Sentenced Adjudged 5 April 1978.

Decided 20 April 1979.

LT David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

LT Christine M. Yuhas, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, C. J., and FERRELL and ROOT, JJ.

CEDARBURG, Chief Judge:

A practice condemned in prior opinions of this Court results in prejudice to appellant requiring the setting aside of the sentence in this case. *United States v. Slubowski,* 5 M.J. 882 (N.C.M.R.1978); *United States v. Allen,* No. 78 0009 (N.C.M.R. 24 Aug. 1978); *United States v. Bowles,* 7 M.J. 591 (N.C.M.R.1979).

Appellant pleaded guilty at an Article 39(a), 10 U.S.C. § 839(a) hearing before a military judge to voluntary manslaughter, lesser included in a charge of unpremeditated murder, wrongful appropriation of a pickup truck, and unauthorized absence, in violation of Articles 119, 121 and 86, Uniform Code of Military Justice, 10 U.S.C. § 919, 921 and 886. The pleas were accepted and findings of guilty in accordance with his pleas were entered when the Government declined to prove the greater offenses. The court comprised of officers and enlisted members was empaneled to impose sentence.

Local Court Rules of the Southwest Judicial Circuit provide, "Examination of prospective jurors [1] shall be conducted by the military judge." Submission of proposed questions by both counsel is permitted. Objection to the rule was made by the individual military defense counsel whose regular duty station was physically located outside the Circuit. Counsel's objection was summarily denied, cutting off argument in support thereof in mid-sentence. Despite objecting to the procedure which prevented him from personally conducting *voir dire,* defense counsel submitted four separate succeeding sets of questions, some of which were asked by the military judge. Defense counsel on three separate occasions requested additional time or a recess to draft additional questions or "solve the difficulties with its questions." Two recesses were granted. The third recess was denied, a result signaled by the military judge in his remarks incident to his ruling on the preceding recess request.

This Court has held in *Slubowski, Allen* and *Bowles, all supra,* that it is contrary to paragraph 62(b), *Manual for Courts-Martial, United States, 1969* (Revised edition) and error to preclude direct examination of members by counsel. In each case, the circumstances were evaluated to determine prejudice. In *Slubowski,* defense counsel refused to propose written questions or to ask questions orally when afforded the opportunity to do so after the military judge had concluded his questioning. Defense counsel in *Allen* did not object to the procedure, submitted written questions and did not object to the military judge's explanation of why certain questions were not asked. Although objecting to the procedure, written questions were submitted by the defense counsel in *Bowles,* and were

---

1. We note the reference to jurors, incorporating a term applicable to civilian courts, has no basis in the Uniform Code of Military Justice, the *Manual for Courts-Martial, United States, 1969* (Revised edition), or traditional court-martial practice. The precise designation for those persons detailed to courts-martial is "members." *See, United States v. Rivera,* 6 M.J. 535 n.3 (N.C.M.R.1978).

asked in a general way by the military judge but not as phrased in the written questions. The procedure whereby direct questioning by counsel was precluded or restricted was found, under the circumstances in each case, to be nonprejudicial. In the case at bar, defense counsel objected to the procedure and was abruptly prevented from arguing his position. He requested explanations for the judge's refusal to ask questions which the defense counsel had proposed in writing. Finally, defense counsel submitted repeated batteries of questions to the military judge until denied additional time "to solve the difficulties with its questions." We are not satisfied that possible new avenues opened by prior questions were followed up during the cumbersome procedure actually utilized in this case. We conclude that appellant was prejudiced by the erroneous restriction on *voir dire* under the circumstances of this case.

The remaining assignments of error, we find, are either without merit or rendered moot by our disposition.

The findings as approved on review below are affirmed. The sentence is set aside. The record of trial is returned to the Judge Advocate General. A rehearing on the sentence is ordered.

Judge FERRELL and Judge ROOT concur.