UNITED STATES, Appellee,

v.

Billy J. PEEL, Private, U. S.
Army, Appellant.

No. 32,975.

CM 433347.

U. S. Court of Military Appeals.

Nov. 28, 1977.

*Captain Michael P. LaHaye,* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel John R. Thornock,* and *Captain Lawrence E. Wzorek.*

*Captain Lee D. Schinasi,* argued the cause for Appellee, United States. With him on the brief were *Colonel Thomas H. Davis,* and *Major John T. Sherwood, Jr.*

Opinion of the Court

FLETCHER, Chief Judge:

The appellant was found guilty by general court-martial of attempted larceny, robbery, and communication of a threat.[1] The United States Army Court of Military Review affirmed the findings of guilty and the portion of the sentence awarding a bad-conduct discharge. Our review was granted in order to examine the question of in personam jurisdiction.

As a condition precedent to his enlistment in the Army National Guard, appellant consented[2] to active duty for training in a

---

1. Articles 80, 122, and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 880, 922 and 934, respectively.

2. This was embodied in a written agreement to serve under the provisions of the Reserve Enlisted Program 1963 found in 10 U.S.C. § 511 which in pertinent part states:

   (d) Under regulations to be prescribed by the Secretary of Defense . . . a non-prior-service person who is under 26 years of age, who is qualified for induction for active duty

in an armed force . . . may be enlisted in the Army National Guard . . . for a term of six years. Each person enlisted under this subsection shall perform an initial period of active duty for training of not less than four months to commence insofar as practical within 180 days after the date of that enlistment.

National Guard Regulation 600–200 implements the program authorized by the statute.

Federal status.[3] The enlistment National Guard contract provided for a training time to equal that normally required for enlistees in a specific military enlistment specialty. Pursuant to orders[4] directing him to Fort Leonard Wood for a period of 126 days to expire on September 20, 1974, appellant reported and completed his training, resulting in the conferral of his Military Occupational Specialty (MOS), on September 6, 1974. Upon graduation he was issued orders to report the following day to Fort Knox for further training.

There is no dispute that appellant's retention on active duty and assignment to Fort Knox was administratively erroneous. In a stipulated concession the government acknowledged:

That the assignment to Fort Knox of the accused was erroneous.[5] There is no authority given by the Missouri National Guard to change the orders which are in evidence as Prosecution Exhibit 1; and also, reference Prosecution Exhibit 2, the authority cited in that Special Order which refers to a replacement roster was erroneous, and no authority was found at Fort Leonard Wood for the assignment of the accused to Fort Knox.

Appellant was originally ordered to active duty for training by the Adjutant General of the state National Guard with consent of the Governor of Missouri. The process has constitutional underpinnings in Article I, § 8, of the Constitution of the United States.[6] Such constitutional foundation is reflected in the congressional fiat of 10 U.S.C. § 672(d):

At any time, an authority designated by the Secretary concerned may order a member of a reserve component under his jurisdiction to active duty, or retain him on active duty, with the consent of that member. However, a member of the Army National Guard of the United States . . . may not be ordered to active duty under this subsection without the consent of the governor or other appropriate authority of the State . . .

Army and National Guard regulations implement the mandate of the statute vesting the state adjutant general with the authority to order to active duty.[7]

 As we view the mandate of 10 U.S.C. § 672, retention of a national guardsman after the term of active duty specified in orders by state officials without further authorization by them is not allowable. Appellant's contention that he was retained on active duty without authority is correct. Retention of appellant on active duty beyond September 20, 1974, was not authorized unless amending orders were sought from state authorities inasmuch as theirs was the sole constitutional and statutory authority to order a national guardsman to active duty, 10 U.S.C. § 672(d); cf., United States v. Kilbreth, 22 U.S.C.M.A. 390, 47 C.M.R. 327 (1973).

The findings of guilty and the sentence are set aside. The Charges are dismissed for lack of jurisdiction over the accused.

Judges COOK and PERRY concur.

---

3. Paragraph 2–12, NGR 600–200, 30 March 1973.

4. These orders further directed him that ". . . upon completion of the Active Duty for Training (ADT), unless sooner relieved, or extended by proper authority (he) return to the place where he entered ADT."

5. A personnel specialist, it was subsequently discovered, incorrectly listed appellant's name with those designated for further training at Fort Knox.

6. U.S.Const. art. I, § 8, cl. 16: "To provide for organizing, arming and disciplining, the Militia, and for governing such Part of them as may be employed in the Service of the United States, *reserving to the States respectively*, the Appointment of the Officers, *and the Authority of training the Militia* according to the discipline prescribed by Congress." (Emphasis added.)

7. AR 135–200 of 11 September 1964, paragraph 6 and NGR 601–201 of 1 May 1965, paragraph 4b.