UNITED STATES, Appellee,

v.

Private (E–2) Pascasio GONZALEZ, SSN 580–90–1963, United States Army, Appellant.

CM 435690.

U. S. Army Court of Military Review.

20 June 1978.

---

Captain Larry C. Schafer, JAGC, argued the cause for the appellant. With him on the brief were Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Major Benjamin A. Sims, JAGC, Captain Buren R. Shields, III, JAGC, and Captain Jay Sacks Cohen, JAGC.

Captain Richard A. Kirby, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, and Lieutenant Colonel R. R. Boller, JAGC.

Before FULTON, TALIAFERRO and THORNOCK, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

The appellant challenges on two bases the jurisdiction of the court-martial that convicted him. First, he asserts that his enlistment in the Army National Guard of New York was fraudulently accomplished with the aid of government agents, as a consequence of which his enlistment was void and no constructive enlistment could arise. Second, he asserts that, at the time of his trial, his retention on active duty was invalid because it had not been consented to by State authorities. We find that neither assertion is meritorious and hold that jurisdiction existed.

The appellant is a Spanish-speaking soldier of Puerto Rican descent. His understanding of the English language is limited to some degree, yet is sufficient to have permitted him to complete basic and advanced individual training. He professes to have been assisted by one of the enlisted test monitors on two of the questions on the Armed Forces Qualification Test. One of the questions, he says, related to "mathematics" and the other was "about automobile parts and gears." The help consisted of translating into Spanish a word that the appellant did not understand in each question.

While the assistance he received apparently was in violation of Army regulations, it does not rise to destroying the only vehicle available to determine the appellant's literacy in English as was condemned in *United States v. Little,* 1 M.J. 476 (C.M.A.1976). Additionally, the Government has introduced evidence that failing any two of the questions to which the appellant might have been referring would not have reduced his test scores below the enlistment-eligible level, thus the established minimum test scores were not rendered meaningless. *Cf. United States v. Russo,* 1 M.J. 134 (C.M.A. 1975). We hold that, although the appellant's enlistment may have been voidable, it was not void.

The second basis on which the appellant attacks in personam jurisdiction—lack of consent of the Governor of New York to his retention on active duty for trial—likewise is without merit. The appellant was ordered to active duty for training, with the consent of the governor. See section 672(d) of title 10, United States Code. The stated period of active duty for training was "17 Wks (or upon compl of MOS Training, but not less than 12 Weeks)." The orders required him to report on 13 June 1976 for basic training to begin 18 June and ad-

vanced individual training (*i. e.*, training in a military occupational specialty, or MOS) to begin 6 August, with an estimated completion date of 16 October (the 18th week after reporting).

 The appellant's offense was committed in August during the eleventh week of his active service and charges were preferred in September during the fifteenth week. Evidently he was permitted to complete his training in October. His trial occurred on 29 and 30 November in the twenty-fifth week after his entry on active duty. Permission of the New York governor to retain the appellant in active service after his training was neither sought nor given. The appellant contends that *United States v. Peel,* 4 M.J. 28 (C.M.A.1977), is controlling and that, his retention being unauthorized, jurisdiction was lacking. Peel's case is materially different, for, after completing the training for which he had been ordered to active duty, he was mistakenly assigned to another post for further training and it was there that his offenses were committed. The appellant's case is instead governed by the principle recognized by this Court in *United States v. Torres,* 3 M.J. 659 (A.C.M.R.1977), and by the Court of Military Appeals in *United States v. Hutchins,* 4 M.J. 190 (C.M.A.1978). Namely, the law is correctly reflected in paragraph 11*d* of the current Manual for Courts-Martial as follows: "Jurisdiction having attached by commencement of action with a view to trial—as by apprehension, arrest, confinement, or filing of charges—continues for all purposes of trial, sentence, and punishment." *

* The Government's citation of 10 U.S.C. § 3499 (1970) in support of the proposition that appellant was subject to jurisdiction is inapposite. That provision (a partial reflection of the provisions of Article 2(1) of the Uniform Code of Military Justice, 10 U.S.C. § 802(1)) pertains to members of the National Guard *called* into Federal service. The appellant was *ordered* to active duty as a member of a Reserve Component (the Army National Guard of the United States). *See generally,* Army Regulation 135–300, 15 May 1978. On the other hand, the appellant's contention that paragraph 11*d* of the Manual, which seems to be only a codification of decisional law, applies only to Regulars is without logical basis. The final sentence says that "if jurisdiction has attached by the commencement of action before the effective terminal date of self-executing orders, a person may be held for trial by court-martial beyond that terminal date." The term "self-executing orders" can relate only to nonregulars, such as the appellant, ordered to active duty or active duty for training with a predetermined date or event for release from duty. The *Peel* case did not nullify this principle of law.

The findings of guilty and the sentence are affirmed.

Judge THORNOCK did not participate in this decision.