UNITED STATES, Appellee,

v.

Scott PEARSON, Private E–1, U.S. Army, Appellant.

No. 39,006.
CM 438416.

U. S. Court of Military Appeals.

June 14, 1982.

For Appellant: *Colonel Edward S. Adamkewicz, Jr., Major Grifton E. Carden, Captain Robert D. Ganstine* (on brief).

For Appellee: *Colonel R. R. Boller, Major Ted B. Borek, Major Robert B. Williams, Captain Lawrence W. Fitting* (on brief).

*Opinion of the Court*

EVERETT, Chief Judge:

Appellant, a South Dakota National Guardsman, was ordered to active duty for the purpose of obtaining a military occupational specialty (MOS). Under his orders, issued with the consent of his State's Governor, he was directed to report to Fort Knox, Kentucky, no later than November 5, 1978, for basic combat training, and thereafter to report to Fort Lee, Virginia, on January 12, 1979, to complete advanced individual training.[1] Appellant was awarded his military occupational specialty on February 8, 1979,

---

1. PEARSON, SCOTT ... Rapid City SD ... You are ordered to active duty for training (ADT) for the period indicated plus allowable travel time. Upon completion of the period of ADT ... you will return to the place where you entered ADT and be relieved from such duty.

Period: 16 weeks or upon completion of MOS training but not less than 12 weeks. Attached to: ... USA Quartermaster School, Ft. Lee VA ... HOR: ... Rapid City, SD ....

South Dakota Department of Military and Veterans Affairs Orders 154–1, 25 October 1978.

during his 14th week of active duty. Then on Saturday, February 10, 1979, Pearson was allegedly involved with some other soldiers in a robbery. Later that day, after being identified by the victim, he was apprehended by the military police. Then he was released to agents of the Criminal Investigation Division (CID) for further investigation.

On February 12, 1979, appellant's company commander executed a Department of the Army Form 268, "Report for Suspension of Favorable Personnel Actions" which recited that Pearson was "Pending Investigation for Robbery." Copies of this document were distributed to various officials in the Office of the Adjutant General and to the unit files of appellant's company. Court-martial charges were preferred against appellant on February 20, 1979, and on the same day he was informed of those charges.

On March 22, 1979, the charges were referred to a general court-martial for trial. On May 8, 1979, a military judge sitting as a general court-martial found appellant guilty of robbery, in violation of Article 122, Uniform Code of Military Justice, 10 U.S.C. § 922, and sentenced him to a bad-conduct discharge, confinement at hard labor for 9 months, and partial forfeitures for a like period. After approval of the findings and sentence by the convening authority, the United States Army Court of Military Review affirmed and later denied appellant's motion for reconsideration. Appellant's petition for review was granted by our Court on this assigned issue:

> WHETHER THE TRIAL FORUM HAD *IN PERSONAM* JURISDICTION OVER APPELLANT, IN THE ABSENCE OF CONSENT FROM THE STATE OF SOUTH DAKOTA, BECAUSE APPELLANT WAS PLACED ON "ADMINISTRATIVE HOLD" PENDING INVESTIGATION AND TRIAL.

Although appellant had completed his training requirements on February 8—two days before the offense—the Court of Military Review concluded that under the Joint Travel Regulations, appellant had six days in which to return to his home in South Dakota. Thus, he would still be on active duty until February 14, 1979—at least, unless he reached home before that date. Accordingly, at the time of the offense appellant's status was somewhat like that of the petitioner in *Hironimus v. Durant*, 168 F.2d 288 (4th Cir. 1948), *cert. denied*, 335 U.S. 818, 69 S.Ct. 40, 93 L.Ed. 373 (1948), who was on terminal leave when her orders were revoked so that she could be tried by court-martial for theft of the crown jewels of Hesse. There the Court of Appeals concluded that, despite her attenuated connection with the military, Captain Durant still was a member of the Army at the time when action was initiated to avert her separation under self-executing orders.

In the case at bar, even though appellant had completed the military duties for which he had been ordered to active duty, he had not completed his active duty; and, of course, the consent of his State's Governor to his being called to active duty included the travel time authorized by the Joint Travel Regulations, *United States v. Self*, 13 M.J. 132 (C.M.A.1982). Moreover, as in *Self*, we conclude that the action taken before the expiration of appellant's tour of duty was sufficient to constitute "action with a view to trial" within the meaning of paragraph 11*d* of the Manual for Courts-Martial, United States 1969 (Revised edition). "Jurisdiction having attached by commencement of action with a view to trial" (*id.*) before Pearson completed his active duty, it continued through the trial; and thus, retention on active duty through these proceedings was fully authorized.

Accordingly, the decision of the United States Army Court of Military Review is affirmed.

Judge COOK concurs.

FLETCHER, Judge (concurring in the result):

I agree with the majority that appellant was arrested for these offenses while on active duty pursuant to orders from his State's Governor. *See United States v.*

*Hudson,* 5 M.J. 413, 420 (C.M.A.1978) (Fletcher, C. J., concurring in the result). *Cf. United States v. Peel,* 4 M.J. 28 (C.M.A. 1977). In view of my separate opinion in *United States v. Smith,* 4 M.J. 265, 267 (C.M.A.1978), I conclude that jurisdiction existed to try appellant at this court-martial.[1]

1. Article 2, Uniform Code of Military Justice, 10 U.S.C. § 802, provides for jurisdiction over persons lawfully called or ordered into, or to duty in or for training in, the armed forces, from the dates when they are required by the terms of the call or order to obey it.