JAMES E. TAYLOR, U. S. Army, Petitioner

v

Honorable STANLEY R. RESOR,
The Secretary of the Army

and

W. C. GRIBBLE, JR., Major General,
Commanding General, Fort Belvoir,
Virginia, Respondents

19 USCMA 405, 42 CMR 7

Miscellaneous Docket

No. 70-34

May 4, 1970

*Captain Ronald K. VanWert,* counsel for Petitioner.

In his Petition for Writ of Habeas Corpus, petitioner avers: That his term of service expired July 11, 1969, on which date he was in a duty status and under military control; that no authorized official has extended this expiration date pursuant to paragraph 2–4, AR 635–200, July 15, 1966;[1] that, since January 15, 1970, he has been confined awaiting trial upon a charge of absence without leave commencing on an undisclosed date subsequent to July 11, 1969 (Article 86, Uniform Code of Military Justice, 10 USC § 886).

On the basis solely of the foregoing representations, petitioner alleges that his confinement is illegal for the United States Army has no jurisdiction over him.

Enlistment in an armed force does not establish a contract relationship between the individual and ▆▆▆▆▆▆ ▆ the Government, but a status. United States v Blanton, 7 USCMA 664, 23 CMR 128 (1957). As a result, passage of the date provided for release from the service in the terms of enlistment does not operate of its own force to effect a discharge. United States v Klunk, 3 USCMA 92, 11 CMR 92 (1953). These principles are inherent in the provisions of Article 2(1), Uniform Code of Military Justice, 10 USC § 802(1), for it includes, among those subject to military law, all persons "awaiting discharge after expiration of their terms of enlistment."

A serviceman is ordinarily entitled to his release from active duty upon the expiration of his term of enlistment, or obligated term of service. However, there are a number of circumstances which permit his retention beyond that date. Some of these circumstances are detailed in Sections II and III, AR 635–200. They include:

a. To make good time lost, in accordance with 10 USC § 972 (paragraph 2–3);

b. When investigation has been initiated with a view to trial by court-martial, or while awaiting trial or the results of trial (paragraph 2–4);

c. When the individual is en route to the United States from overseas (paragraph 2–5);

d. When he is retained for completion of medical care (paragraph 2–6), or for a determination of whether the disease or injury requiring continued medical care or hospitalization was incurred incident to service (paragraph 2–7); or

e. When held by the military to await disposition of civil charges at the request of friendly foreign governments under current jurisdictional agreements (paragraph 2–11).

Some of these circumstances permit retention without consent of the serviceman involved, while others are effective only with his consent.

The present petition denies applicability of Item b, supra, alone. No mention is made of his efforts, ▆▆▆▆▆▆ ▆ if any, to obtain his discharge by application to his Commanding Officer, or to avail himself of the procedures provided by Article 138, Uniform Code of Military Justice, 10 USC § 938. No mention is made of petitioner's actions subsequent to July 11, 1969, from which his objection to continued service, or the converse, may be inferred. (See opinion of Chief Judge Quinn in United States v Hout, 19 USCMA 299, 41 CMR 299, decided March 13, 1970.)

Resort to the extraordinary powers conferred by 28 USC § 1651(a) may be had on the basis of extraordinary circumstances, and the burden of providing an adequate basis for the relief sought rests upon the moving party. See Gale v United States, 17 USCMA 40, 37 CMR 304 (1967). This burden

---

[1] Petitioner has erroneously described the pertinent regulation as AR 235–200.

is not satisfied by the bare assertion that the jurisdiction does not exist. The petition must affirmatively negate extensions effected by operation of law and when an absence during the period following the expiration of his term of service is admitted, the petition must show the commencement and duration thereof, and, if material, the occasion therefor. The above-mentioned inadequacies of the present petition require its rejection, without prejudice to the right of the accused to raise the issue of jurisdiction by appropriate motion when, and if, the pending charge is referred to trial, Article 39(a), Uniform Code, supra, 10 USC § 839(a).

The petition is denied.