**UNITED STATES**

v.

**Dennis L. GUNTER, 564 94 4580, Private (E-1), U. S. Marine Corps.**

**NCM 76 2034.**

U. S. Navy Court of Military Review.

Sentence Adjudged 14 June 1976.

Decided 17 Nov. 1976.

LT H. Glenn Scammel, JAGC, USNR, Appellate Defense Counsel.

CAPT Charles P. Mackin, Jr., USMCR, Appellate Government Counsel.

Before MURRAY, MALLERY and GREGORY, JJ.

MALLERY, Judge:

Appellant was convicted, contrary to his pleas, by a special court-martial military judge sitting alone, of failure to obey a lawful general order by attempting to exit the United States Naval Base, Subic Bay, Republic of the Philippines, with concealed personal property, without displaying lawfully issued property passes or merchandise control documents [an action connected with black marketing]. He was sentenced to a bad conduct discharge, confinement at hard labor for 6 months, and forfeiture of $240.00 per month for 6 months. The convening and supervisory authorities approved the findings and sentence.

Appellant assigns several errors. However, in view of our disposition of this case, we need discuss only one. Appellant argues that the special court-martial lacked jurisdiction over him because the government failed to take any action with a view to trial prior to the expiration of his active service (EAS). We agree.

The essential facts relevant to this issue are summarized in the following chronology:

## CHRONOLOGY

| EVENT | DATE | DAYS AFTER EAS |
|---|---|---|
| Offenses committed. | 4 Mar 76 | |
| NIS investigation commenced. Inculpatory statement obtained from appellant by NIS. Offenses reported to command. Appellant placed on restriction. | 5 Mar 76 | |
| Appellant released from restriction. | 18 Mar 76 | |
| Appellant's Expiration of Active Service (EAS) | 23 Mar 76 | |
| Philippine civil legal hold terminated (commencement date uncertain). | 16 Apr 76 | 24 |
| NIS investigation report completed. | 11 May 76 | 49 |
| Appellant submitted written request for release to inactive duty. | 17 May 76 | 55 |
| Charges preferred. | 20 May 76 | 58 |
| | 9 Jun 76 | 78 |
| Trial | 14 Jun 76 | 82 |

It is clear that the government has the power under certain circumstances to retain a service member past the expiration of his enlistment for disciplinary purposes. Paragraph 11*d*, Manual for Courts-Martial, 1969 (Revised edition), provides as follows:

Jurisdiction having attached by commencement of action with a view to trial—as by apprehension, arrest, confinement, or filing of charges—continues for all purposes of trial, sentence, and punishment. If action is initiated with a view to trial because of an offense committed by an individual before his official discharge—even though the term of enlistment may have expired—he may be retained in the service for trial to be held after his period of service would otherwise have expired.

Thus, apprehension, arrest, confinement, and filing of charges are all "actions with a view to trial" and all will attach jurisdiction which continues after the expiration of an accused's enlistment, provided such action occurs before such expiration. Of course, the above list of actions with a view to trial is exemplary rather than all inclusive.

In the case, *sub judice,* there was no apprehension, no arrest, no confinement, and no filing of charges prior to the expiration of appellant's enlistment. What actions, if any, were taken prior to such expiration? An investigation was conducted; an inculpatory statement was obtained from appellant; the offense was reported to appellant's command; a subjective intent to prosecute appellant was formed in his commander's mind; the progress of the investigation was monitored by appellant's command; and appellant was placed under restriction. Were any of these actions an action with a view to trial? We think not.

In *United States v. Hout,* 19 U.S.C.M.A. 299, 41 C.M.R. 299 (1970), the Court of Military Appeals held that jurisdiction did attach despite filing of charges after the expiration of the accused's enlistment where the accused was placed on administrative hold prior to the expiration of his enlistment and where he continued to re-ceive his pay and perform his duties without objection to the failure to discharge him until he finally objected on the day the charges were preferred. *Hout* must be distinguished from the case, *sub judice,* in two important respects: Appellant in this case was not placed on any kind of administrative hold and, more importantly, he submitted a formal request for release to inactive duty 3 days before the original charge was preferred and 23 days before the only charge of which he was eventually convicted was preferred.

In *United States v. Cox,* 49 C.M.R. 350 (N.C.M.R. 1974), this Court held that jurisdiction did attach where the accused had been advised prior to the expiration of his enlistment that he would be either tried by court-martial or offered an undesirable discharge in lieu of court-martial and where the charge sheet had been dated prior to the accused's EAS although not sworn to until after that date. Again, the case, *sub judice,* must be distinguished. In this case, appellant was not definitely told that he would be tried. Quite the contrary, there was some talk that he might be granted some kind of immunity if he would testify against others involved in the same kind of black market operations. Further, appellant's charge sheet was definitely not dated prior to his EAS. Each charge was dated on the day it was preferred, 58 and 78 days, respectively, after his EAS.

The Army case of *United States v. Kalt,* 50 C.M.R. 95 (A.C.M.R. 1975), seems to be more relevant to the case, *sub judice.* In that case, the Army Court of Military Review held that jurisdiction had not attached where the only significant action the government had taken prior to the expiration of the accused's enlistment had been to send two electronic messages requesting that the accused not be discharged and where charges had not been preferred until 56 days after the accused's EAS. In the case, *sub judice,* it is possible that more actions were taken before the expiration of the accused's enlistment than was true in *Kalt.* However, we believe that none of the actions taken in this case had any more

significance than the actions taken in *Kalt.* Further, the charges in the case, *sub judice,* were preferred even later than the charges in *Kalt.* In this case they were preferred on the 58th and 78th days after appellant's EAS.

The only action taken by the government prior to the appellant's EAS which could possibly be construed as an action with a view to trial was the action of placing appellant on restriction. We do not hold that placing a suspect on restriction can never be construed as an action with a view to trial. However, in this case, where the restriction was terminated 5 days prior to appellant's EAS, where there were no other actions taken with a view to trial and where, before the first charge was preferred, the appellant formally requested release to inactive duty, we are convinced that placing the appellant on restriction was not an action with a view to trial. Thus, jurisdiction did not attach prior to appellant's EAS and the special court-martial had no jurisdiction to try him.

Accordingly, the findings and sentence are set aside and the charge is dismissed.

Senior Judge MURRAY and. Judge GREGORY concur.