## UNITED STATES

v.

**Robert B. WHEELEY, Jr., 230 78 9063, Sergeant (E–5), U. S. Marine Corps.**

### NCM 76 1910.

U. S. Navy Court of Military Review.

Sentence Adjudged 19 April 1976.

Decided 22 Feb. 1977.

LT Lawrence S. Smith, JAGC, USNR, Appellate Defense Counsel.

CAPT W. D. Blalock, USMCR, Appellate Government Counsel.

Before NEWTON, CRANDELL and GLADIS, JJ.

GLADIS, Judge:

Contrary to his pleas, appellant was convicted by a general court-martial with members of conspiracy to commit extortion, extortion, and three graft offenses in violation of Articles 81, 127 and 134, UCMJ; 10 U.S.C. §§ 881, 927, and 934. The approved sentence consists of a bad conduct discharge, confinement at hard labor for 1 year, forfeiture of $361.30 per month for 1 year, and reduction to pay grade E–1.

Appellant assigns the following errors:

I. THE COURT–MARTIAL LACKED PERSONAL JURISDICTION OVER THE APPELLANT.

II. THE STAFF JUDGE ADVOCATE FAILED TO PROPERLY SERVE THE INDIVIDUAL MILITARY COUNSEL WITH A COPY OF THE STAFF JUDGE ADVOCATE' REVIEW AND THUS FAILED TO COMPLY WITH THE ORDER IN *UNITED STATES V. GOODE,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

We find no prejudice.

## I

Appellant contends that the court-martial which tried him lacked person jurisdiction over him because his enlistment had expired before the Government commenced action with a view to trial. The following is a chronology of the events preceding the filing of charges in this case.

22 October 1975: PFC W interviewed by CID as larceny suspect. PFC W reveals evidence of offenses charged against accused.

1 November 1975: Accused apprehended by CID for extortion and black marketing. Interviewed by CID agent and confesses.

10 November 1975: Accused again interviewed by CID.

5 December 1975: Completion of CID Criminal Investigation Report.

17 December 1975: CO, H&SBn, MCB, Camp Butler executes Request for Legal Services in subject case.

23 December 1975: Receipt of Request for Legal Services by Marine Corps Law Center.

24 December 1975: Completion of supplemental CID Criminal Investigation report.

9 January 1976: Completion date of accused's enlistment.

15 January 1976: Accused requests new ID card.

16 January 1976: Accused and alleged co-participants formally placed on legal hold.

23 January 1976: Investigating officer for Article 32 Pretrial Investigation, government counsel, and detailed defense appointed.

■ Paragraph 11d, MCM, 1969 (Rev.), provides that jurisdiction having attached by commencement of action with a view to trial—as by apprehension, arrest, confinement, or filing of charges—continues for all purposes of trial, sentence, and punishment. If jurisdiction has attached by the commencement of action before the date of expiration of enlistment, a person may be held for trial beyond that date.

■ We find that the Government commenced action with a view to trial by apprehension of appellant and the action which followed prior to the normal date for expiration of his enlistment. Apprehension alone is an action with a view to trial and will attach jurisdiction which continues after expiration of an accused's enlistment, provided such action occurs before that expiration. *See,* MCM, *supra,* par. 11d; *United States v. Gunter,* 1 M.J. 1039 at 1041 (N.C.M.R.1976). *But see United States v. Cox,* 49 C.M.R. 350 (N.C.M.R.1974).

■ We also find that appellant's actions were tantamount to consent to his retention beyond the normal date of expiration of his enlistment. If the Government has not commenced action with a view to trial and no other good cause exists to retain a serviceman beyond the expiration of enlistment he may demand his release and the Government is bound to grant it. However, if the Government does not act affirmatively to effect his discharge and the accused is satisfied to remain on active duty, the existing status is continued and jurisdiction attaches. *See United States v. Hout,* 19 U.S.C.M.A. 299, 41 C.M.R. 299 (1970).

■ Appellant, a CID agent, realized the day after he was apprehended that he would not be permitted to reenlist as originally scheduled. (R. 23). The date scheduled for his reenlistment, 11 November 1975, passed without his reenlistment. (R. 60). Although appellant was aware of the impending investigation and inquired about his status, he did not request a discharge. He was going to reenlist if no charges were preferred. (R. 21). Although appellant testified that he desired to get out if charges were preferred he admitted that at no time did he tell anyone that he did not desire to remain in the Marine Corps. (R. 21, 26). Appellant's implied consent to his

retention beyond the expiration of his enlistment is a sufficient basis for jurisdiction. *United States v. Hout, supra.*

We conclude that jurisdiction attached prior to the expiration of appellant's enlistment and continued through trial. The court-martial had personal jurisdiction. The first assignment of error is without merit.

## II

Appellant now complains that the mandate of *United States v. Goode, supra,* has not been complied with because his individual military counsel was not "properly" served with a copy of the staff judge advocate's review. *Goode* requires that counsel for the accused be served with a copy of the review with an opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading. Failure of counsel to take advantage of the opportunity within 5 days will normally be deemed a waiver of any error in the review. Individual counsel in this case was not provided with a copy of the review before the convening authority acted. Service upon detailed defense counsel was timely.

At trial appellant was represented by individual military counsel. His detailed defense counsel acted as associate counsel. Appellant's trial in Okinawa ended on 19 April 1976. The military judge authenticated the 317 page record of trial on 14 June 1976. Individual military counsel was transferred from Okinawa on 30 June 1976 in accordance with permanent change of station orders to Headquarters, Marine Corps, Washington, D.C. The staff judge advocate's 48 page review dated 9 July 1976 was served on detailed defense counsel on 10 July 1976. He acknowledged receipt of the review and stated that after having read it, he had no corrections, challenges, or comments. The convening authority took his action on 12 July 1976.

In a post-trial affidavit individual military counsel avers that he reported his per-

manent forwarding address to his company office and the Law Center prior to his departure from Okinawa, that he arrived at that address on 3 July 1976 and did not receive a copy of the staff judge advocate's review until after 18 July 1976, that he was not informed by the detailed defense counsel that the detailed counsel had been served with a copy of the review, and that he had given the detailed counsel no authority to submit comments or waive defects in the review.

██ Under the circumstances of this case, in the absence of individual military counsel who had been permanently transferred half-way around the world, it was not error to serve the staff judge advocate's review on the detailed defense counsel, who was associate defense counsel. There has been no attempt to circumvent the *Goode* mandate. Individual counsel did not request that he be personally served with a copy of the forthcoming review. He did not advise his associate counsel that he did not desire associate counsel to comment upon or waive defects in the review. Individual counsel apparently subsequently received a copy but never submitted any challenge to or comment upon the review. *See United States v. Palenius,* 2 M.J. 86 (1977).

In the words of Judge Gregory in *United States v. Haddock,* No. 76 1569 (N.C. M.R. 20 December 1976), we are convinced that the staff judge advocate took the correct course of action under existing conditions. He was not in a position to mail the review to individual counsel in the United States and then allow him 5 days to respond, thereby causing a violation of the mandate of *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974). He took the most reasonable measures under the circumstances to ensure that appellant had a meaningful opportunity to submit any corrections, challenges, or comments concerning the review. The course of action adopted by the staff judge advo-

cate provided appellant his best opportunity to have the post-trial review analyzed in his behalf for the consideration of the convening authority within the time constraints imposed by *Dunlap*. In this case service of the review on detailed counsel satisfied the *Goode* mandate.

■ Neither individual counsel nor appellate defense counsel have identified any error in the review. Our scrutiny reveals no significant error. Therefore, even if service of the staff judge advocate's review upon detailed defense counsel had not constituted compliance with the *Goode* mandate, appellant has suffered no prejudice. In the absence of error in the review, no interest would be served and the interest of a timely and expeditious end to litigation would be impeded by return of the record and review for consideration and possible reply by defense counsel. *United States v. Schooler*, 1 M.J. 674 (N.C.M.R. *en banc*, 1975), *pet. den.*, No. 31,467 (U.S.C.M.A. 18 February 1976). The second assignment of error lacks merit.

Accordingly, the findings of guilty and so much of the sentence as approved on review below as provides for a bad conduct discharge, confinement at hard labor for 1 year, forfeiture of $360.00 pay per month for the period of actual confinement and reduction to pay grade E–1, are affirmed.

Senior Judge NEWTON and Judge CRANDELL concur.