UNITED STATES, Appellee,

v.

Jimmie HUTCHINS, Private, U. S. Army, Appellant.

No. 33,125.
SPCM 11940.

U. S. Court of Military Appeals.

Jan. 30, 1978.

*Captain Peter V. Train* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey, Lieutenant Colonel John R. Thornock*, and *Captain Buren R. Shields, III.*

*Captain Richard A. Kirby* argued the cause for Appellee, United States. With him on the brief were *Colonel Thomas H. Davis, Major John T. Sherwood, Jr., Captain John F. DePue*, and *Captain Richard A. Kleager.*

Opinion of the Court

COOK, Judge:

Appellant was convicted by a special court-martial of several offenses in violation of the Uniform Code of Military Justice. We granted review to determine whether the court-martial lacked jurisdiction over his person.

The facts are not in dispute. On October 23, 1975, the offenses were committed, and, on November 6, the appellant was adminis-

tratively "flagged" by his company commander.[1] Charges were preferred on November 12. The parties stipulated that the appellant's adjusted expiration of term of service (ETS) was November 26. On December 4, the convening authority referred the case to trial, and trial was held on December 22 and 23.

Article 2, UCMJ, 10 U.S.C. § 802, sets forth the following concerning those subject to court-martial jurisdiction:

The following persons are subject to this chapter:

(1) Members of a regular component of the armed forces, including those awaiting discharge after expiration of their terms of enlistment; . . .

In construing the quoted provision, the Court previously held that "[m]ere expiration of the regular period of enlistment does not alter a serviceman's status as a person subject to the Uniform Code." *United States v. Dickenson*, 6 U.S.C.M.A. 438, 448, 20 C.M.R. 154, 164 (1955), *jurisdiction sustained, sub nom. Dickenson v. Davis*, 245 F.2d 317 (10th Cir. 1957), *cert. denied*, 355 U.S. 918, 78 S.Ct. 349, 2 L.Ed.2d 278 (1958). *Accord, United States v. Johnson*, 6 U.S.C.M.A. 320, 20 C.M.R. 36 (1955). The service-person may, however, demand discharge upon termination of his period of enlistment, but a demand made after the preferral of charges is too late. *United States v. Hout*, 19 U.S.C.M.A. 299, 41 C.M.R. 299 (1970). *See* paragraph 11*d*, Manual for Courts-Martial, United States, 1969 (Revised edition). The general principle is that military jurisdiction continues after the end of the term of enlistment if such jurisdiction has previously attached. Winthrop, *Military Law and Precedents* 90, 91 (2d ed. 1920 Reprint).

In the present case, the appellant did not object to his retention beyond his ETS date, and the issue was not raised until after findings of guilty had been announced. Thus, Article 2 and the precedents of this Court sanction the exercise of court-martial jurisdiction. However, the appellant submits that the general rule has been changed by paragraph 2–4, AR 635–200, c. 43, dated April 10, 1974. In material part, during the time in question, that paragraph provided:[2]

*2–4. When investigation is initiated with view to trial by court-martial or member is awaiting trial or result of trial.* a. A member may be retained beyond the expiration of his term of service by a general court-martial convening authority, or his designee, when an investigation of his conduct has been initiated with a view to trial by court-martial; charges have been preferred; or the member has been apprehended, arrested, confined or otherwise restricted by the appropriate military authority. However, if charges have not been preferred, the member shall not be retained more than 30 days beyond the expiration of his terms of service without the personal approval of the general court-martial convening authority concerned.

b. An individual who, on the date on which he would otherwise be eligible for discharge or release from active duty, is awaiting trial or result of trial by court-martial will not be discharged or released from active duty until final disposition of the court-martial charges. . . . Enlisted personnel under sentence to dishonorable or bad conduct discharge will not be discharged prior to completion of appellate review, unless so directed by Headquarters, Department of the Army. If the individual is absent without leave at the time appellate review is completed, the punitive discharge may be executed notwithstanding his absence.

Appellant interprets the regulation to require the convening authority, or his designee, to take some affirmative action to his

---

1. An administrative "flag" is a procedure whereby favorable personnel action is precluded for various reasons, including a pending investigation which may result in a court-martial. An unqualified discharge or release from active duty is normally considered a favorable personnel action. Paragraphs 1 and 3, AR 600–31 (21 February 1974).

2. This paragraph was subsequently amended by DA Message dated December 1976. The amendment is not retroactive.

ETS date to continue court-martial jurisdiction. He argues that the Government failed to comply with its own regulation and that failure precluded the exercise of jurisdiction. Contrarily, the Government submits that the regulation imposes no additional requirements to retain jurisdiction, and if it does, those requirements were met by the convening authority's referral of the charges to trial.

■ The cited portions of the regulation do not specifically require any particular procedure for the retention of a member. Indeed, the obligation of the convening authority to act in any way only occurs when an accused has been retained for more than 30 days without preferral of the charges; at that time, the convening authority's approval is required. However, we need not decide when and in what manner the convening authority or his designee must act, for we conclude the regulation has no effect on court-martial jurisdiction.

■ Congress defined court-martial jurisdiction in Article 2(1), UCMJ, to include persons "awaiting discharge after expiration of their terms of enlistment." A person subject to the Code continues in service until the formalities of a discharge or release from active duty have been met or he objects to his continued retention and a reasonable time expires without appropriate action by the Government. *Compare United States v. Griffin*, 13 U.S.C.M.A. 213, 32 C.M.R. 213 (1962); *Taylor v. Resor*, 19 U.S.C.M.A. 405, 42 C.M.R. 7 (1970), *with United States v. Brown*, 12 U.S.C.M.A. 693, 31 C.M.R. 279 (1962); *United States v. Scott*, 11 U.S.C.M.A. 646, 29 C.M.R. 462 (1960). As no action was taken to separate the appellant from the service and appel-

lant did not object to his retention, his military status was not terminated.

Two cases cited by appellant, *United States v. Russo*, 23 U.S.C.M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975), and *United States v. Burden*, 23 U.S.C.M.A. 510, 50 C.M.R. 649, 1 M.J. 89 (1975), are inapposite. In those cases the enlistments were void at their inception as a result of recruiter misconduct and the failure of the enlistees to meet minimum enlistment standards. Thus, the enlistees never attained the status of persons subject to the Code and the conditions precedent to the existence of court-martial jurisdiction were not met. *See also United States v. Barrett*, 23 U.S.C.M.A. 474, 50 C.M.R. 493, 1 M.J. 74 (1975); *United States v. Brown*, 23 U.S.C.M.A. 162, 48 C.M.R. 778 (1974); *United States v. Catlow*, 23 U.S.C.M.A. 142, 48 C.M.R. 758 (1974). As previously indicated, the appellant's military status was properly effected and that status was not terminated.

■ While military regulations have the force of law, they must be consistent with acts of Congress. *See United States v. Johnson, supra* at 325, 20 C.M.R. at 41. As Congress has commanded that jurisdiction continues past the term of enlistment, the regulation cannot restrict jurisdiction in a manner contrary to the intent of Congress as interpreted by this Court. *See generally* 16 Am.Jur.2d *Constitutional Law* §§ 144–145 (1964).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge FLETCHER and Judge PERRY concur.