UNITED STATES, Appellee,

v.

George L. BEARD, Private First Class, U. S. Army, Appellant.

No. 35,078.
CM 435553.

U. S. Court of Military Appeals.

Oct. 22, 1979.

For Appellant: *Colonel Robert B. Clarke, Major Benjamin A. Sims, Captain John Richards Lee, Captain Demmon F. Canner, Captain William J. Carter* (on brief).

For Appellee: *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Captain Lee Schinasi, Captain Stephen D. Smith* (on brief).

Opinion of the Court

PERRY, Judge: *

Pursuant to a plea of guilty, the appellant was convicted of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. He was sentenced to a bad-conduct discharge and forfeiture of two-thirds of his pay. The convening authority approved the findings and that portion of the sentence which adjudged a bad-conduct discharge. The United States Army Count of Military Review has affirmed. We granted review with respect to several issues, each of which will be discussed below.

First, the appellant contends the court-martial lacked jurisdiction over him because proper procedures for his retention in the Army beyond August 12, 1976, the date on which his term of service was scheduled to expire, were not followed. *See*

* Judge Matthew J. Perry took final action in this case prior to his resignation as a judge of this Court pursuant to his appointment and confirmation as a United States District Judge for the District of South Carolina.

para. 2–4*a*, Army Regulation 635–200. Therefore, he argues that the period of his enlistment had expired by the time his trial commenced on October 14, 1976.

The record discloses that the charges against the appellant were filed on August 6, 1976, prior to the expiration date of the appellant's term of enlistment. In *United States v. Hutchins*, 4 M.J. 190 (C.M.A.1978), we reviewed a similar contention and concluded:

> A person subject to the Code continues in service until the formalities of a discharge or release from active duty have been met or he objects to his continued retention and a reasonable time expires without appropriate action by the Government. *Compare United States v. Griffin*, 13 U.S.C.M.A. 213, 32 C.M.R. 213 (1962); *Taylor v. Resor*, 19 U.S.C.M.A. 405, 42 C.M.R. 7 (1970), with *United States v. Brown*, 12 U.S.C.M.A. 693, 31 C.M.R. 279 (1962); *United States v. Scott*, 11 U.S.C.M.A. 646, 29 C.M.R. 462 (1960).

*Id.* at 192. As in *Hutchins*, since "no action was taken to separate the appellant from the service and appellant himself did not object to his retention, his military status was not terminated." *Id.* Thus, we conclude that, under the circumstances, the jurisdiction of the court-martial was manifest.

The appellant next contends that the military judge erred in failing to personally inquire whether he desired to have enlisted members serve on the court-martial panel. The record discloses that at the commencement of the trial, the appellant's attorney informed the judge that the appellant had been advised concerning his right to have enlisted persons serve on the court panel but that no request for enlisted members would be made. The military judge did not personally address the appellant on the subject. Since no request for enlisted members was made, the trial proceeded with a military judge and officer members.

Article 25(c)(1), UCMJ, 10 U.S.C. § 825(c)(1), provides:

> Any enlisted member of an armed force on active duty who is not a member of the same unit as the accused is eligible to serve on general and special courts-martial for the trial of any enlisted member of an armed force who may lawfully be brought before such courts for trial, but he shall serve as a member of a court only if, before the conclusion of a session called by the military judge under section 839(a) of this title (article 39(a)) prior to trial or, in the absence of such a session, before the court is assembled for the trial of the accused, the accused personally has requested in writing that enlisted members serve on it. After such a request, the accused may not be tried by a general or special court-martial the membership of which does not include enlisted members in a number comprising at least one-third of the total membership of the court, unless eligible enlisted members cannot be obtained on account of physical conditions or military exigencies. If such members cannot be obtained, the court may be assembled and the trial held without them, but the convening authority shall make a detailed written statement, to be appended to the record, stating why they could not be obtained.

It appears that the above statutory requirements were met. Had the appellant desired enlisted members to be included on the court panel, he only needed to submit the request prior to assembly of the court before the trial. No complaint is made that such a request was made and refused. Instead, the record is clear that at the commencement of the trial the appellant's counsel represented to the judge that the appellant was aware of his right to have enlisted members but would make no request for such. Under the circumstances, the judge committed no error when he did not personally address the appellant.

Finally, the appellant contends that the military judge erred because he did not ascertain the appellant's understanding of the sentence limitations contained in the pretrial agreement between the appellant

and the convening authority. In that vein he also argues that the inquiries concerning the pretrial agreement were deficient because the judge did not determine that his interpretation of the agreement comported with that of all counsel and that the judge failed to inquire whether there were *sub rosa* agreements. For the reason set forth in *United States v. Crowley*, 7 M.J. 336 (C.M.A.1979), the appellant is not entitled to relief.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge FLETCHER and Judge COOK concur.