## UNITED STATES

v.

**Gregory A. BROWN, 191 52 8043, Private First Class (E–2), U. S. Marine Corps.**

**NMCM 80 1295.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 30 Nov. 1979.

Decided 30 June 1981.

LT Earl B. Taylor, JAGC, USNR, Appellate Defense Counsel.

---

LCDR John C. Vinson, JAGC, USN, Appellate Government Counsel.

Before GREGORY, BOHLEN and GLADIS, JJ.

GLADIS, Judge:

The accused was convicted by a special court-martial composed of officer members of wrongful sale, transfer, and possession of phencyclidine, in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892, and sentenced to a bad-conduct discharge, confinement at hard labor for 5 months, forfeiture of $200.00 per month for 4 months, and reduction to pay grade E–1. The convening and supervisory authorities approved the adjudged sentence.

The accused contends that the court-martial which tried him lacked personal jurisdiction because sufficient action with a view to trial was not commenced before the expiration of his enlistment. We disagree and affirm.

The accused committed the offenses in question and an NIS investigation commenced on 10 August 1979. Consequently, his terminal leave, which apparently had not yet commenced, was cancelled and he was advised of the reason on 24 August 1979. The company commander advised him of the offenses of which he was suspected at an Article 15, UCMJ, 10 U.S.C. § 815, hearing on 7 September 1979 and referred the case to the battalion commander. The battalion commander awarded the accused a special court-martial and advised him at an Article 15 hearing that he was being placed on legal hold pending disposition of the charges on 11 September 1979. A speedy trial was requested on 24 September 1979. The company commander indicated to the accused and his defense counsel on 1 October 1979 that the battalion commander would withdraw charges if the accused assisted NIS in making controlled buys. This offer was refused on 2 October 1979. The accused's adjusted expiration of active service date was 10 October 1979. On this date he forwarded a letter of protest to the convening authority. The charge was preferred and sworn to on 18 October 1979. The accused refused pay on 19 October 1979. The charge was referred to trial by special court-martial on 23 October 1979.

■ A person subject to the Uniform Code of Military Justice continues in the service until the formalities of a discharge or release from active duty have been met, or he objects to his continued retention and a reasonable time expires without appropriate action by the Government. *United States v. Wheeley*, 6 M.J. 220 (C.M.A. 1979); *United States v. Hutchins*, 4 M.J. 190 (C.M.A. 1978). Appropriate action is some affirmative action with a view toward trial. *See* Paragraph 11d, *Manual for Courts-Martial, 1969 (Rev.)*. It must be such that one can say that at some precise moment the sovereign had authoritatively signalled its intent to impose its legal processes upon the individual. *United States v. Smith*, 4 M.J. 265 (C.M.A. 1978).

■ Sufficient affirmative action with a view to trial was taken in this case before the date of expiration of the accused's active service when the battalion commander awarded him a special court-martial and informed him at an Article 15 hearing that he was being placed on legal hold pending disposition of the charges. This case is distinguishable from *United States v. Gunter*, 1 M.J. 1039 (N.C.M.R.1976), in which the accused was not definitely told that he would be tried. Here the sovereign authoritatively signalled its intent to impose its legal processes upon the accused. The offer to withdraw charges if the accused cooperated was conditional and did not nullify the prior action.

Even if the battalion commander's actions were not sufficient to invoke jurisdiction, the preferral and referral of the charge within a reasonable time after the accused objected to his retention, though subsequent to the expiration of active service date, were each sufficient to invoke jurisdiction. *United States v. Wheeley* and *United States v. Hutchins*, both *supra*. *See United States v. Smith*, *supra*, n.5. The holding in *United States v. Gunter, supra*,

that preferral and referral of charges a short time after the accused objected to his retention did not invoke jurisdiction has, in effect, been abrogated by *Wheeley* and *Hutchins*, which were decided subsequently. Therefore, we find that the court-martial which tried the accused had personal jurisdiction over him.

Accordingly, the findings of guilty and sentence, as approved on review below, are affirmed.

Judge BOHLEN concurs.

Senior Judge GREGORY (absent).