UNITED STATES, Appellee,

v.

Anthony J. HANDY, Aviation Ordnanceman Airman (E–3), U.S. Navy, Appellant.

No. 41864.

NMCM 80 2544.

U. S. Court of Military Appeals.

Nov. 8, 1982.

For Appellant: *Lieutenant Thomas P. Murphy, JAGC, USNR* (on brief).

For Appellee: *Captain T. C. Watson, Jr., JAGC, USN,* and *Lieutenant Sandra R. Ganus, JAGC, USNR* (on brief).

## OPINION OF THE COURT

COOK, Judge:

Tried by special court-martial, the accused was convicted, despite his pleas, of seven specifications of larceny, three specifications of conspiracy, and three specifications of possession of marihuana, in violation of Articles 121, 81, and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 881, and 892, respectively. The adjudged sentence, extending to a bad-conduct discharge, confinement at hard labor for 6 months, forfeiture of $295.00 pay per month for 6 months, and reduction to pay grade E–1, was approved by the convening authority. However, the supervisory authority disapproved the findings of guilty of the three conspiracy specifications and two of the three specifications alleging possession of marihuana; he approved only so much of the sentence as provided for a bad-conduct discharge, confinement at hard labor for 4 months, forfeiture of $295.00 pay per month for 4 months, and reduction to pay grade

E-1. The Court of Military Review affirmed in a *per curiam* opinion.

The accused contends that the court-martial lacked jurisdiction to try him. We disagree and affirm.

At trial, the Government introduced the accused's enlistment agreement showing that he had enlisted in the Navy Reserve on November 10, 1975, for a period of four years of active duty and two administrative actions (dated November 6, 1979, and January 4, 1980) purporting to hold the accused "beyond normal date of expiration of enlistment pending completion of disciplinary action" and "pending completion of further disciplinary action," respectively.[1] The charge sheet upon which the accused was brought to trial was dated January 4, 1980. In the section of the charge sheet which refers to "Prior Service," there is a notation of the two involuntary extensions of service. Defense counsel offered no objections to the aforementioned documents and none to the reading of the first page of the charge sheet. No contest of the jurisdiction of the court-martial was made at trial.[2]

Since the matter was not litigated at trial, we must piece together, as best we can, the details pertinent here. It appears that the normal date of expiration of service for the accused was December 4, 1979. On November 6, 1979, action was taken involuntarily extending him for the purpose of disciplinary action. At some date after that, the accused was tried and acquitted of the charge(s) against him. On January 4, 1980, the present charges were preferred,

referred and served on the accused, and a second administrative action was taken, further involuntarily extending his date of expiration of enlistment. We note that some of the charges against the accused occurred before the first extension. The accused contends, in essence, that after acquittal of the first charges, jurisdiction over him concluded without further action.[3]

It has long been recognized that enlistment is not only a contract but the creation of a "status." *In re Grimley,* 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636 (1890). Amenability to the jurisdiction of a court-martial does not necessarily cease at the mere expiration of the period of enlistment. *United States v. Klunk,* 3 U.S.C.M.A. 92, 11 C.M.R. 92 (1953). Until the accused is discharged through one of the recognized legal modes of separation, he remains a member of his service. *United States v. Downs,* 3 U.S.C.M.A. 90, 11 C.M.R. 90 (1953). The Manual for Courts-Martial, United States, 1969 (Revised edition), in paragraph 11*d*, provides:

> Jurisdiction having attached by commencement of action with a view to trial—as by apprehension, arrest, confinement, or filing of charges—continues for all purposes of trial, sentence, and punishment. If action is initiated with a view to trial because of an offense committed by an individual before his official discharge—even though the term of enlistment may have expired—he may be retained in the service for trial to be held

1. The cited authority for the two extensions is Bureau of Naval Personnel Manual (BUPERS-MAN), Article 3840260, para. 5.h., which permits holding an enlisted member on active duty after his enlistment expires:

   > As a result of apprehension, arrest, confinement, investigation, or filing of charges that may result in a trial by court-martial, and [such extension] continues for all purposes of trial by court-martial and the execution of any sentence thereof.

2. The accused, in an unsworn statement, related that:

   > I have been held on the boat since . . . the date I was supposed to get out of the Navy was November 9th and that's when they extended me and my EAOS date was December

5th, which I'm still here, . . . The next—the day I came out of court-martial they threw this BAQ on me and I've been—been on the ship since then until now.

However, this statement seems to relate to the accused's period of restriction because of the charges relating to improperly collecting quarters' allowances after getting a divorce from his wife. Both counsel referred to the accused as being retained beyond his normal period of enlistment in sentencing argument. Defense counsel did not contest the legality of the retention.

3. There is nothing in the record to indicate the date on which the first trial concluded in accused's acquittal.

after his period of service would otherwise have expired.

*See also* Article 2(a)(1), UCMJ, 10 U.S.C. § 802(a)(1); Winthrop, *Military Law and Precedents* 90, 91 (2d ed. 1920 Reprint).

■ We have previously held that "[a] person subject to the Code continues in service until the formalities of a discharge or release from active duty have been met or he objects to his continued retention and a reasonable time expires without appropriate action by the Government." *United States v. Hutchins,* 4 M.J. 190, 192 (C.M.A. 1978); *see United States v. Douse,* 12 M.J. 473 (C.M.A.1982). Here, there is no question that the Navy took "action with a view to trial" by preferring charges and by administratively extending the accused's term of enlistment. No objection was heard from the accused as to either involuntary extension. *See United States v. Douse, supra.* Nor can it be argued that any of the "formalities of a discharge" were accomplished. *United States v. Hutchins* and *United States v. Downs,* both *supra.* Thus, there were no infirmities to the exercise of court-martial jurisdiction over the accused.

■ There remains only the argument that the second extension was improperly taken. None of our precedents contemplates any restriction upon the number or time of extensions so long as they fall within the definition set forth in the Manual and the Uniform Code.[4] The same considerations applying at the end of the normal term of service apply at the end of the period of the extended term of service. However, the accused contends that his second trial is barred because some of the offenses occurred prior to the first trial. No evidence was developed at trial that any of these offenses were *known* to the Government at the time of the first trial nor that there was any improper action by the Government in "saving up charges." *See* paras. 30*g* and 33*h,* Manual, *supra.* In the absence of objection at trial, we are unable to ascribe improper motives to the Government.

Since proper "action [was taken] with a view to trial" extending the accused's term of enlistment—albeit twice—the court-martial had jurisdiction to try and to convict the accused.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Chief Judge EVERETT and Judge FLETCHER concur.

---

4. Obviously, the Government's action must occur within "a reasonable time." *United States v. Douse,* 12 M.J. 473, 475 (C.M.A.1982). As to this point, Chief Judge Everett informs me that he adheres to the views expressed in his separate opinion in *Douse, id.* at 497.