**UNITED STATES, Appellee,**

v.

**Private (E–1) Keith WILLIAMS,
036–40–3821, United States
Army, Appellant.**

**SPCM 21107.**

U.S. Army Court of Military Review.

7 Oct. 1985.

For Appellant: Captain David W. Sorensen, JAGC (argued); Lieutenant Colonel William P. Heaston, JAGC, Captain Eric T. Franzen, JAGC (on brief).

For Appellee: Captain Erik M. Stumpfel, JAGC (argued); Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Captain Samuel J. Rob, JAGC (on brief).

Before RABY, CARMICHAEL, and ROBBLEE, Appellate Military Judges.

OPINION OF THE COURT

CARMICHAEL, Judge.

Appellant was tried by a special court-martial composed of officer and enlisted members. Contrary to his pleas, he was convicted of larceny, assault upon a military policeman, and failure to obey a lawful order, in violation of Articles 121, 128, and

92, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 928, and 892 (1982) [hereinafter cited as UCMJ], respectively. His sentence to a bad-conduct discharge was approved by the convening authority.

Two errors are asserted by appellant: first, that the court-martial did not have *in personam* jurisdiction over him; and second, that he was incapable of forming the requisite specific intent to commit larceny because of voluntary intoxication. We find against appellant on both claims.

## I. *In Personam* Jurisdiction

Appellant contended unsuccessfully at trial that he was not subject to court-martial jurisdiction. In renewing his claim before this Court, he relies upon the fact that the Army failed to comply with its own regulation by not getting approval of the general court-martial convening authority for his continued retention in the service. On 15 May 1984, appellant was apprehended for larceny and three days later his military records were administratively "flagged." His term of service expired on 27 May with no charges having been preferred against him. It was not until 29 June, some 33 days after the expiration of his term of service [hereinafter referred to as ETS], that appellant was formally charged with violations of the UCMJ.

Paragraph 1–24*a*, Army Regulation 635–200, Enlisted Personnel: Personnel Separations (I02, 14 Feb. 1983) [hereinafter cited as AR 635–200], states, in part, that "... if charges have not been preferred, the member will not be retained more than 30 days beyond the ETS unless the general court-martial convening authority approves." We note, however, that there is no provision in AR 635–200 which provides that the Army, by failing to comply with the approval procedure prescribed in paragraph 1–24*a*, is precluded from exercising court-martial jurisdiction over the retained servicemember. In *United States v. Torres*, 3 M.J. 659 (A.C.M.R.1977) (en banc), *aff'd*, 5 M.J. 86 (C.M.A.1978) (summary disposition),[1] this Court had occasion to consider

an almost identical provision in AR 635–200. At that time the regulation required that the general court-martial convening authority or his designee approve the retention of a soldier beyond his ETS date. While approval to retain the accused was not obtained in *Torres*, this Court held that the convening authority's referral of the case to trial eleven days after the accused's ETS date, was a "knowing approval of retention beyond ETS for purpose of trial." *United States v. Torres*, 3 M.J. at 662. The issue in *Torres*, as in the case at bar, was not whether the Army had jurisdiction over the accused, but whether it was precluded from exercising that jurisdiction because of noncompliance with its own regulation. In considering if the accused had been prejudiced in *Torres*, this Court assumed noncompliance with AR 635–200 and stated that

> ... we can perceive no prejudice to appellant from the Government's failure to comply with its regulation. To say that appellant has had to remain in the service beyond his ETS and endure a criminal trial is to presuppose that he would have been released from service without trial had the regulation been followed. We find that to be such a remote possibility in this case as to be almost nonexistent. If the question had been presented to the convening authority prior to appellant's ETS, we are convinced that appellant would be in the same position he is in today—standing before this court convicted of ... [these] offenses....

*United States v. Torres*, 3 M.J. at 663.

 Here, while it is clear that the Army did not comply with the requirements of paragraph 1–24*a*, AR 635–200, we perceive no prejudice to appellant resulting from the Army's failure to comply with its own regulation. We find our reasoning in *Torres*, as set forth above, to be equally applicable to the facts of this case and equally dispositive. Moreover, it is well-established within the Armed Forces that a

---

**1.** The Court of Military Appeals summarily affirmed the result in *Torres* on the basis of its

decision in *United States v. Hutchins*, 4 M.J. 190 (C.M.A.1978).

servicemember "awaiting discharge after expiration of . . . [his term] of enlistment" remains subject to the UCMJ.[2] *See generally United States v. Douse*, 12 M.J. 473 (C.M.A.1982); *United States v. Hutchins*, 4 M.J. 190 (C.M.A.1978). In the case before us, appellant did not go through the "formalities" necessary for discharge or release from active duty, nor, after his term of service had expired, did he object to his continued retention by the Army. *United States v. Hutchins*, 4 M.J. at 192. On the contrary, appellant went to get his Armed Forces Identification Card "extended" so he could continue to draw full pay and allowances. Once court-martial jurisdiction attached to appellant while he remained in an active duty status, as it did here when charges were preferred against him 33 days after his ETS date, appellant could no longer act to defeat that jurisdiction.[3] *United States v. Hout*, 41 C.M.R. 299 (C.M.A.1970); *see generally* Rule for Courts-Martial 202(c), Discussion.

Finally, in concluding our discussion of this particular issue, we believe that the Court of Military Appeals has held that paragraph 1–24*a*, AR 635–200, and the requirement for the convening authority's approval therein, have no effect on court-martial jurisdiction. *United States v. Hutchins*, 4 M.J. at 192. This Court found in *Torres* that it was "permissible" for the Army to place more stringent requirements on its exercise of jurisdiction than required by "long-existing law." *United States v. Torres*, 3 M.J. at 661. The Court of Military Appeals, in summarily affirming *Torres*, cited its decision in *Hutchins* and stated that it had resolved the *in personam* jurisdiction issue against appellant.

*United States v. Torres*, 5 M.J. 86 (C.M.A. 1978) (summary disposition). In *Hutchins*, the highest military court concluded that Congress, through its enactment of Article 2, UCMJ, had commanded that jurisdiction over a serviceman continue past his term of enlistment, and that AR 635–200 could not "restrict jurisdiction in a manner contrary to the intent of Congress as interpreted by . . . [the] Court." *United States v. Hutchins*, 4 M.J. at 192. Accordingly, to the extent the Army places stricter requirements on the exercise of jurisdiction than required by Congress, it must do so in a manner consistent with expressed congressional intent. *See also United States v. Douse*, 12 M.J. 473. While *Torres'* result has been affirmed by the Court of Military Appeals, it would appear that its finding with respect to the approval requirement in AR 635–200 has been severely limited, if not tacitly reversed.

## II. Specific Intent to Commit Larceny

Appellant also contends that he was so intoxicated at the time of the larceny that he was incapable of entertaining the requisite specific intent. For reasons that we believe are well developed in the trial record and appellate pleadings, we find no merit to this contention. Despite appellant's voluntary intoxication, there was ample evidence to support the trial court's finding that he intended to deprive the Government of its property permanently. Assuming, without deciding, that appellant's intoxicated state enabled him "to blot from his mind all memory of the facts of the offense," such a memory loss would not in and of itself prevent appellant from having the capability to form the requisite specific intent. *United States v. Olvera*, 15 C.M.R. 134, 139 (C.M.A.1954).

**2.** Article 2, UCMJ, 10 U.S.C. § 802 (1983) states, in part, that: "(a) The following persons are subject to . . . [the UCMJ]: (1) Members of a regular component of the armed forces, including those awaiting discharge after expiration of their terms of enlistment. . . ."

**3.** Chief Judge Everett, in his concurring opinion in *United States v. Douse*, noted that a servicemember *unreasonably* retained beyond his term of service, awaiting possible trial by court-martial, has a number of remedies available to him. These include submitting a complaint under Ar-

ticle 138, UCMJ, 10 U.S.C. § 938, applying to the Board for the Correction of Military Records, seeking extraordinary relief from this Court or the Court of Military Appeals, as well as filing a writ of habeas corpus. *United States v. Douse*, 12 M.J. at 481. "Furthermore, a servicemember's unreasonable retention in the Armed Forces after his enlistment has expired is a circumstance to be considered in determining whether he has been prejudiced by pretrial delays" (citation omitted). *Id.*

### III. Defense Counsel's Argument on Sentence

 Our reading of the record of trial persuades us that, notwithstanding his assertion to the contrary, appellant's civilian defense counsel in fact argued that a bad-conduct discharge was an appropriate "punishment" in this case. Counsel's intent is a matter of speculation. We find that defense counsel argued specifically for (and his client received) a punitive discharge in lieu of confinement. As there is minimal evidence that appellant either directed or consented to his counsel's argument,[4] or that he desired a bad-conduct discharge, the argument by his counsel was error. *See United States v. McNally,* 16 M.J. 32 (C.M.A.1983). However, under the facts of this case, prejudice to appellant is not apparent. He had been convicted of three relatively serious offenses [5] by a special court-martial. Although he had no prior convictions, he had been punished for minor offenses on five separate occasions under Article 15, UCMJ.[6] After more than four years of active service, appellant was in the lowest enlisted grade at the time of trial. Moreover, his battery commander and first sergeant testified during the sentence hearing that he had no rehabilitative potential. Considering appellant's poor service record, the crimes of which he had been convicted, and the fact that appellant was beyond his term of service, it is not surprising that his counsel argued for a "discharge from the Army" and no confinement. However, because we cannot determine from the record of trial either that appellant wanted to be discharged from the Army,[7] or that he had expressly or tacitly consented to his counsel making an argument for such a punishment to the court, we will assume prejudice and reassess the sentence.[8]

The findings of guilty are affirmed. Having reassessed the sentence on the basis of the error noted and the entire record, we affirm the sentence.

Senior Judge RABY and Judge ROBB-LEE concur.

---

4. In *United States v. Clark,* CM 446325, slip op. at 2 (ACMR 25 Mar. 1985) (unpub.), *pet. denied,* No. 52243/AR (CMA 8 Jul. 1985), this Court respectfully suggested that the Court of Military Appeals re-examine its position that it is error for defense counsel to argue for a punitive discharge before members "absent any ... express or implied consent by the appellant.... [E]ven in the face of a silent trial record, it should be presumed until adequately rebutted that when a counsel argues for the punitive discharge of a client, he is doing so with the client's informed consent" (footnote omitted). We acknowledge that under the facts of this case such a presumption *would not apply* because the defense counsel denied that he had argued for a punitive discharge. Thus, appellant's informed consent cannot be presumed.

5. Looking beyond the sentence limitations of the forum before which appellant was tried, the total maximum punishment authorized for these three offenses is a dishonorable discharge, forfeiture of all pay and allowances, and confinement for four years.

6. Appellant received nonjudicial punishment for (1) disrespect to and threatening a superior noncommissioned officer (June 1981); (2) drunk on duty and a one day absence without leave (October 1982); (3) two failures to repair (February 1983); (4) breaking restriction (August 1983); and (5) disobeying a lawful order and a failure to repair (April 1984). Appellant's term of service expired on 27 May 1984.

7. Appellant's trial defense counsel made the following comments during his argument before the members: "Under the facts and circumstances of this case, what is a fair and honorable and equitable sentence? I submit to you: Discharge from the Army." The military judge subsequently asked defense counsel whether he had argued for a punitive discharge, but took no corrective action after counsel denied having done so. If appellant wanted a punitive discharge, the judge should have ensured that his desires were made a matter of record. If the military judge found that appellant did not want such a discharge, he should have directed the defense counsel to make additional argument clarifying this point for the court members.

8. We do not believe that the curative action taken in *United States v. McNally,* 16 M.J. 32, was intended to be the sole remedy in cases similar to the one before us.